SHIANG-YUENG FENG ET AL. *v.* DART HILL REALTY, INC., ET AL.
(10000)

O'CONNELL, FOTI and CRETELLA, Js.

Argued November 4, 1991—decision released January 14, 1992

*Kimball Haines Hunt,* for the appellants (defendants).

*Bruce D. Tyler,* for the appellees (plaintiffs).

CRETELLA, J. The defendant[1] appeals from a judgment rendered in favor of the plaintiffs[2] after a jury trial. The defendant claims that the trial court improperly denied its motion for judgment notwithstanding the verdict, where the verdict permitted a recovery for unjust enrichment in a relationship between the parties that was governed by express contract and was determined to be untainted by fraud or by a Connecti-

---

[1] In addition to the named defendant, Jeanne Huppe was also a defendant in the trial court and a party to this appeal. Because her actions as an agent for the named defendant play no role in this appeal separate from those of the named defendant, we refer to the appellants by the singular term "defendant" throughout this opinion.

[2] In addition to the named plaintiff, Miao-Hsiang Feng, his wife, was also a plaintiff in the trial court proceedings and a party to this appeal.

cut Unfair Trade Practices Act (CUTPA)[3] violation. We reverse the judgment of the trial court.

The following facts are relevant to this appeal. On July 9, 1988, the plaintiffs signed a written agreement with the defendant for the purchase of a house to be constructed by the defendant in the Mountain View Estates subdivision in South Windsor. A closing date of September 25, 1988, was set forth in the purchase agreement. The agreement also provided that the defendant could extend the date for closing up to sixty days in the event the defendant was unable to deliver a certificate of occupancy to the premises on the date originally set for closing.

The defendant was unable to complete construction of the house by September 25, 1988. The plaintiffs' mortgage commitment with American Savings Bank was due to expire on October 17, 1988. The defendant obtained a certificate of occupancy on October 26, 1988, at which time the defendant was ready, willing and able to close on the transaction.

Pursuant to the purchase agreement, the plaintiffs had paid a total deposit of $20,500 prior to October 17, 1988. No closing took place prior to the expiration of the plaintiffs' mortgage commitment. On November 7, 1988, the plaintiffs demanded the return of their deposit from the defendant and the payment of other expenses incurred by them as a result of their reliance on the purchase agreement. The defendant did not refund any money to the plaintiffs.

Thereafter, the plaintiffs commenced this action, alleging in a four count complaint (1) breach of contract, (2) unjust enrichment, (3) fraud, and (4) a CUTPA violation. After trial to a jury, the court directed a verdict in favor of the defendant on the CUTPA claim, and

---

[3] General Statutes §§ 42-110a through 42-110q.

the jury returned a defendant's verdict on the breach of contract and fraud claims.[4] The jury, however, found the defendant liable on the claim of unjust enrichment (count 2) and awarded the plaintiffs $21,205. The court denied the defendant's motion for judgment notwithstanding the verdict.[5] This appeal followed.

"[P]arties who have entered into controlling express contracts are bound by such contracts to the exclusion of inconsistent implied contract obligations." *H. B. Toms Tree Surgery, Inc.* v. *Brant,* 187 Conn. 343, 346–47, 446 A.2d 1 (1982); see also 42 C.J.S., Implied Contracts § 34. Proof of a contract enforceable at law precludes the equitable remedy of unjust enrichment; *United States Fidelity & Guaranty Co.* v. *Metropolitan Property & Liability Ins. Co.,* 10 Conn. App. 125, 127, 521 A.2d 1048, cert. denied, 203 Conn. 806, 525 A.2d 521 (1987); 12 S. Williston, Contracts (3d Ed. Jaeger) § 1478; at least in the absence of a breach of the contract by the defendant; *Rabinovitz* v. *Marcus,* 100 Conn. 86, 95–96, 123 A. 21 (1923); 3 Restatement (Second), Contracts § 373, comment a; J. Calamari & J. Perillo, Contracts (2d Ed.) § 15-3; a nonwillful breach by the plaintiff; *Vines* v. *Orchard Hills, Inc.,* 181 Conn. 501, 505–10, 435 A.2d 1022 (1980); *Stabenau* v. *Cairelli,* 22 Conn. App. 578, 581, 577 A.2d 1130 (1990); or a mutual rescission of the contract. *Pierce* v. *Staub,* 78 Conn. 459, 466, 61 A. 760 (1906). None of these exceptions was presented to the jury by the pleadings or instructions.

---

[4] The jury also returned a verdict against the defendant on its counterclaim alleging breach of contract by the plaintiffs.

[5] Although captioned a "motion for judgment in favor of the defendants notwithstanding the verdict," the defendant's motion requested that the court set aside the verdict pursuant to Practice Book § 320, as well as Practice Book § 321. As such, it satisfied the prerequisite to our full review of the defendant's claim on appeal. See *Pietrorazio* v. *Santopietro,* 185 Conn. 510, 441 A.2d 163 (1981).

Although the plaintiffs do not dispute the rule of law set forth in these authorities, they respond that the defendant's argument "rest[s] on the false premise that there was a determination that the relationship between the [parties] was governed by an express contract." Invoking general verdict principles; see *Finley* v. *Aetna Life & Casualty Co.*, 202 Conn. 190, 201–204, 520 A.2d 208 (1987); the plaintiffs contend: "From the jury's rejection of the plaintiffs' breach of contract claim, the defendants have inferred that the jury found that there was a contract and that the contract was not breached. The defendants' inferences are unjustified. An inference could easily be drawn that the jury found the parties did not enter into a binding agreement. No interrogatories were submitted to the jury. . . . Did the jury reject the claim because they found that there was a contract but no breach of it or did the jury reject the claim because there simply was no contract between the parties? . . . The defendants' inference that there was a contract is not well founded since the jury may have found that there was no contract whatsoever between the parties." Because we conclude that the general verdict rule does not apply to the circumstances of this case, we cannot agree with the plaintiffs.

"The so-called general verdict rule provides that, if a jury renders a general verdict for one party, and no party requests interrogatories, an appellate court will presume that the jury found every issue in favor of the prevailing party." *Finley* v. *Aetna Life & Casualty Co.*, supra, 202. In *Finley*, because the jury rendered a general verdict for the defendant on the plaintiff's claim of breach of an express contract, it was presumed to have determined both that a contract did not exist between the parties and that the defendant's conduct did not constitute a breach of the contract. Id. This was so, however, only because "the defendant's answer controverted both of the principal claims raised by the

plaintiff's complaint. The defendant's denials of the contract's existence and of its breach presented the jury with distinct and severable defenses to the plaintiff's claims." Id., 204.

In the present case, by contrast, the defendant's answer admitted the existence of a written purchase agreement between the parties. Additionally, the defendant also served requests for admission upon the plaintiffs, pursuant to Practice Book § 238, that assumed the existence of the parties' written contract. At trial, moreover, the evidence and arguments of counsel focused primarily on the issue of whether the defendant's conduct constituted a breach of the terms of the contract between the parties. Finally, the fact that the defendant did not dispute the existence of the contract was further reflected in the court's charge to the jury, which was devoid of any instructions on the law of contract formation.

Because "we will decide the appeal on the theory on which it was tried and decided in the trial court"; *L. F. Pace & Sons, Inc.* v. *Travelers Indemnity Co.,* 9 Conn. App. 30, 35 n.4, 514 A.2d 766, cert. denied, 201 Conn. 811, 516 A.2d 886 (1986); the general verdict rule cannot be applied to the circumstances presented in this case. Contrary to the plaintiffs' claims, the jury's verdict cannot be understood to include any "implicit finding" that a contract never existed between the parties. Instead, the parties at all times operated under a theory of the case that admitted and established a written contract pertaining to the purchase and sale of the property in question. The pleadings and the jury's verdict, then, necessarily determined that there was an express contract between the parties which was not breached by the defendant's failure to close on the transaction on September 25. Because the undisputed existence of a contract enforceable at law precludes recovery under a theory of restitution or unjust enrich-

ment under the circumstances of this case; *United States Fidelity & Guaranty Co.* v. *Metropolitan Property & Liability Ins. Co.,* supra; the trial court should have set aside the verdict on the plaintiffs' claim of unjust enrichment (count two) and rendered judgment in favor of the defendant.

The judgment is reversed and the case is remanded with direction to render judgment for the defendants.

In this opinion the other judges concurred.