[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE THIRD AND FOURTH COUNTS OF THE SECOND REVISED COMPLAINT
The defendants, the Town of East Haven ("East Haven") and the Water Pollution Control Authority of East Haven, have moved to strike as legally insufficient the plaintiffs' claims against them for recovery under the doctrine of unjust enrichment for the value of the plaintiffs' services in disposing of waste water generated by the users of the sewer system in East Haven. The court heard oral argument on the motion on December 8, 2000.
In the first two counts of their second revised complaint, the plaintiffs allege failure to pay amounts due under a written contract by which the plaintiffs allege that they agreed to provide waste water treatment and disposal services in return for payment of user fees by the defendants. In the third count, the plaintiffs allege that East Haven is liable for the reasonable value of the services performed. The plaintiffs plead that East Haven authorized the services and that the plaintiffs have CT Page 15415 conferred a benefit on East Haven by performing them, and that East Haven is therefore liable to compensate the plaintiffs for the fair value of the services performed, and has been unjustly enriched by its failure to pay. In the fourth count, the plaintiffs make the same claim against the East Haven Water Pollution Control Authority.
The motion to strike raises the following grounds:
 3. The plaintiffs have not alleged in the third or fourth count that the defendants' purported unjust enrichment has occurred pursuant to either an express or implied contract, or by operation of law.
 4. The plaintiffs have not alleged in the third or fourth counts that no remedy is available to them by an action for breach of contract.
 5. The plaintiffs have not alleged that the claim for damages for unjust enrichment is for losses beyond those recoverable under contract.
 6. Given the foregoing, the plaintiffs' claim of unjust enrichment in the third and fourth counts are (sic) legally insufficient and fail to state a claim upon which relief can be granted.
Standard and scope of review
The function of a motion to strike is to test the legal sufficiency of the allegations of a complaint to state a claim upon which relief can be granted. Sherwood v. Danbury Hospital, 252 Conn. 193, 213 (2000);Novametrix Medical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210,214-215 (1992); Ferryman v. Groton, 212 Conn. 138, 142 (1989); Practice Book § 10-39. The role of the trial court is to examine the complaint, construed in favor of the pleader, to determine whether the pleader has stated a legally sufficient cause of action. ATC Partnershipv. Windham, 251 Conn. 597, 603, cert. denied, 120 S.Ct. 2217 (1999); Doddv. Middlesex Mutual Assurance Co., 242 Conn. 375, 378 (1997); Napoletanov. CIGNA Healthcare of Connecticut, Inc., 238 Conn. 216, 232-33 (1996), cert. denied, 520 U.S. 1103 (1997).
In adjudicating a motion to strike, the court must construe the facts alleged in the complaint in the manner most favorable to the plaintiff.Bohan v. Last, 236 Conn. 670, 675 (1996); Sassone v. Lepore, 226 Conn. 773,780 (1993); Novametrix Medical Systems, Inc. v. BOC Group, Inc., supra,224 Conn. 215; Gordon v. Bridgeport Housing Authority 208 Conn. 161, 170
CT Page 15416 (1988). The requirement of favorable construction does not extend, however, to legal opinions or conclusions stated in the complaint, but only to factual allegations and the facts "necessarily implied and fairly provable under the allegations." Forbes v. Ballaro, 31 Conn. App. 235, 239
(1993). Conclusory statements or statements of legal effect not supported by allegations of fact will not enable a complaint to withstand a motion to strike. Mingachos v. CBS, Inc., 196 Conn. 91, 108 (1985); Fortini v.New England Log Homes, Inc., 4 Conn. App. 132, 134-35, cert. dismissed,197 Conn. 801 (1985).
The Practice Book, at § 10-41, requires that "[e]ach motion to strike raising any of the claims of legal insufficiency enumerated in the preceding sections shall separately set forth each such claim of insufficiency and shall distinctly specify the reason or reasons for each such claimed insufficiency."
In their brief in opposition to the defendants' motion, the plaintiffs have objected to consideration of any ground not articulated in the motion itself, in compliance with P.B. § 10-41. Where a party states such an objection, the court must consider only "the distinct reasons for the claimed insufficiency of the plaintiff's complaint in [the] motion," and may not decide the motion based on reasons discussed in the brief but not stated in the motion itself Bouchard v. People's Bank, 219 Conn. 465,468 n. 4 (1991). Grounds other than those specified in the motion itself should not be considered by the trial court in passing upon a motion to strike, Morris v. Hartford Courant Co., 200 Conn. 676, 682 (1986); Cyrv. Brookfield, 153 Conn. 261, 263 (1965); Oppenheimer v. ConnecticutLight Power Co., 149 Conn. 99, 105 (1961).
Sufficiency of the Allegations
The elements of a claim for unjust enrichment are well established: 1) the defendant was benefitted, 2) the plaintiff suffered a detriment by the conferral of the benefit on the defendant, and 3) the defendant unjustly did not pay the plaintiff for the benefit. Polverari v. Peatt,29 Conn. App. 191, 200-01, cert. denied, 224 Conn. 913 (1992); Bolmer v.Kocet, 6 Conn. App. 595, 612-13 (1986); Montanaro Bros. Builders, Inc.v. Snow, 4 Conn. App. 46 (1985). The element of "unjust" failure to pay subsumes the various circumstances that may give rise to an obligation to pay. To decide whether the failure to pay was unjust, the court must examine all of the facts of the case. Cecio Bros., Inc. v. Greenwich,156 Conn. 561, 565 (1968); however, that determination is one of the sufficiency of the proof, not an issue concerning the facts that must be alleged in order to state a cause of action.
The plaintiffs have pleaded that the defendants "authorized plaintiffs CT Page 15417 to treat and dispose of East Haven's wastewater" (Counts Three and Four, paragraph 11) and failed to pay the reasonable value for the service performed. While the plaintiffs have certainly not set forth in detail the facts surrounding the provision of services, they have pleaded facts sufficient to state the elements of their claim of unjust enrichment.
The defendants claim that, in order to sufficiently state a cause of action for unjust enrichment against a municipal defendant, a plaintiff must state that no remedy is available by an action on an express contract. While the Supreme Court ruled in Cecio Brothers, Inc. v. Townof Greenwich, supra, 156 Conn. 561, that a plaintiff could not prevail at trial under counts both of express contract and unjust enrichment, the Court did not impose a rule of pleading that required a party seeking to plead unjust enrichment to deny the validity of its own contract claim. The court in Cecio plainly recognized that a party could plead both theories of recovery, but could recover only on one.
Likewise, the discussion of the availability of recovery for unjust enrichment against a municipality in Windham Community Memorial Hospitalv. Willimantic, 166 Conn. 113, 122-23 (1974), is not concerned with the requirements of pleading but with the requirements of proof at trial that the municipality was authorized to obtain or provide the services at issue.
The defendants' reliance on the trial court's ruling on the motion to strike in Lazaros v. City of West Haven, 45 Conn. Sup. 11, affirmed,45 Conn. App. 571 (1997), is misplaced. In that ruling, Judge Flanagan struck the counts in which the plaintiff sought recovery for unjust enrichment because the plaintiff had "failed to specify the fashion in which the defendants have benefitted by the plaintiffs' action thereby entitling them to compensation in equity." Lazaros v. City of WestHaven, supra, 45 Conn. Sup. 23. In the case before this court, the plaintiffs have clearly identified the benefit enjoyed by the defendants: the performance of the service to them of processing and disposing of East Haven's wastewater. (Count 3, para. 10; Count 4, para. 10.)
The plaintiffs have sufficiently pleaded the elements of causes of action for unjust enrichment, and the defendants are not entitled to have the challenged counts stricken under the standard set forth above.
Conclusion
The motion to strike the third and fourth counts of the second revised complaint is denied.
Beverly J. Hodgson CT Page 15418 Judge of the Superior Court