[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On October 11, 2000, the plaintiff, Thomas St. Denis, filed a three count complaint against the defendants, Victoria de Toledo (de Toledo) and the law firm of Casper de Toledo, LLC (law firm). The first count of the complaint alleges negligence, the second count alleges breach of fiduciary duty and the third count alleges intentional misrepresentation. The plaintiff seeks damages and costs for all three counts and additionally, as to the third count, the plaintiff seeks punitive damages and attorney's fees.
On September 10, 2001, the defendants filed a motion to strike the complaint on the grounds that: (1) the first and second counts fail to allege a cognizable injury and fail to allege a causal connection between the defendants' alleged negligence or breach of fiduciary duty and the injury asserted; (2) the first and second counts fail to allege sufficient facts to support causes of action for negligence or breach of fiduciary duty, respectively; (3) the third count fails to allege a basis for intentional misrepresentation with sufficient specificity; (4) the third count fails to allege a sufficient causal connection between the alleged misrepresentation and the injury and fails to allege any facts supporting a claim of injury; (5) the complaint fails to allege any cognizable basis. for a claim of punitive damages; and (6) the complaint fails to allege any cognizable basis for a claim of attorney's fees. The defendants filed a memorandum of law in support of their motion and the plaintiff filed a memorandum of law in objection thereto. On December 10, 2001, this court heard oral arguments on the motion.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." Faulkner v.United Technologies Corp. , 240 Conn. 576, 580, 693 A.2d 293 (1997); see also Practice Book § 10-39. "It is fundamental that in determining CT Page 4376 the sufficiency of a complaint challenged by a defendants motion to strike, all well-pleaded facts and those facts necessarily implied from the allegations are taken as admitted." Doe v. Yale University,252 Conn. 641, 667, 748 A.2d 834 (2000). However, a motion to strike "does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." Faulkner v. United Technologies Corp. , supra,240 Conn. 588. The court must construe the complaint in the manner most favorable to sustaining its legal sufficiency. Eskin v. Castiglia,253 Conn. 516, 523, 753 A.2d 927 (2000). Furthermore, "Practice Book . . . § 10-39, allows for a claim for relief to be stricken only if the relief sought could not be legally awarded." Pamela B. v. Ment,244 Conn. 296, 325, 709 A.2d 1089 (1998). "If a motion to strike is directed to the entire complaint, the motion must fail if any of the plaintiff's claims is legally sufficient." Kovacs v. Kasper,41 Conn. Sup. 225, 226, 565 A.2d 18 (1989).
All three counts of the complaint contain the following basic factual allegations: The defendant, de Toledo, is an attorney admitted to practice in Connecticut and she is a principal in the defendant law firm. The defendant law firm has a principal place of business in Stamford, Connecticut. In June of 1994, the plaintiff retained and employed the defendant law firm (acting principally through de Toledo), to represent him in the analysis of his rights and potential strategy in a dispute with a company then known as Card Member Publishing Company (Card Member), a company which the plaintiff had co-founded, in which the plaintiff had a substantial interest/stock, and from which the plaintiff's employment had been terminated. The plaintiff had at least two meetings and at least four telephone conversations with de Toledo concerning the plaintiff's dispute with Card Member, and de Toledo gave specific advice to the plaintiff regarding the course of action that the plaintiff should follow. Five years later, in 1999, the plaintiff was a shareholder of a company known as BrandDirect Marketing (BrandDirect). Sometime prior to June of 1999, the defendant law firm, acting principally through de Toledo, represented Brain Lawe (Lawe), an employee of BrandDirect. In early June of 1999, de Toledo, acting on behalf of Lawe, communicated with attorney Louis Schwartz (Schwartz), counsel for both BrandDirect and the plaintiff. Schwartz notified de Toledo of a conflict.
I. Count One (Negligence) and Count Two (Breach of Fiduciary Duty)
Count one of the complaint sounds in negligence and further alleges, inter alia: that during de Toledo's representation of Lawe in 1999, de Toledo used confidential information imparted to her by the plaintiff in 1994; that the defendants thereby breached their duty to safeguard the plaintiff's confidential information; and that as a result of this breach of duty, the value of the plaintiff's share in BrandDirect has been CT Page 4377 significantly reduced.
Count two of the complaint sounds in breach of fiduciary duty and further alleges, inter alia: that the defendants had a fiduciary duty not to disclose or otherwise misuse the plaintiff's confidential information; that the defendants disclosed or otherwise misused the plaintiff's confidential information during their representation of Lawe; and that as a result of this breach of fiduciary duty, the value of the plaintiff's share in BrandDirect has been significantly reduced.
The defendants argue that the first and second counts of the complaint should be stricken because the only direct injury alleged is an injury to BrandDirect, an entity that is not a party in this action. Furthermore, the defendants argue that the first and second counts fail to allege sufficient facts to support causes of action for negligence or for breach of fiduciary duty. In response, the plaintiff stipulates, in his memorandum, that he will replead the allegations in counts one and two in order to allege the injuries suffered by the plaintiff directly. (Plaintiff's memorandum, p. 1-2.) However, the plaintiff argues that the first and second counts otherwise allege sufficient facts to support causes of action for negligence and breach of breach of fiduciary duty. For the reasons that follow, this court finds that the first and second counts fail to allege sufficient facts to support causes of action for negligence or for breach of fiduciary duty, respectively.
"The essential elements of a cause of action in negligence are well established: duty; breach of that duty; causation; and actual injury." RKConstructors, Inc. v. Fusco Corp. , 231 Conn. 381, 384, 650 A.2d 153
(1994). Negligence implicates a duty of care, while breach of a fiduciary duty implicates a duty of loyalty and honesty. Beverly Hills Concepts,Inc. v. Schatz Schatz, Ribicoff Kotkin, 247 Conn. 48, 57, 717 A.2d 724
(1998). "Professional negligence alone, however, does not give rise automatically to a claim for breach of fiduciary duty. Although an attorney-client relationship imposes a fiduciary duty on the attorney . . . not every instance of professional negligence results in a breach of that fiduciary duty. A fiduciary or confidential relationship is characterized by a unique degree of trust and confidence between the parties, one of whom has superior knowledge, skill or expertise and is under a duty to represent the interests of the other." (Brackets omitted; citations omitted; internal quotation marks omitted.) Id., 56-57. There is no actionable negligence or breach of fiduciary duty, however, where the entity claimed to be injured was not the client or the foreseeable beneficiary of legal services. See Krawczyk v. Stingle,208 Conn. 239, 244, 543 A.2d 733 (1988); Mozzochi v. Beck, 204 Conn. 490,499, 529 A.2d 171 (1987). CT Page 4378
In this case, the only injury alleged to have been suffered by the plaintiff in his first and second counts is that the value of his shares in BrandDirect have been diminished. A shareholder's claim that the value of stock has diminished because of alleged wrongful conduct is a claim of injury to the corporation, with consequent derivative injury to the shareholder. See Lazaros v. City of West Haven, 45 Conn. Sup. 11, 20,697 A.2d 724 (1994), aff'd, 45 Conn. App. 571, 576-77, 696 A.2d 1304, cert. denied, 243 Conn. 901, 701 A.2d 331 (1997); see also Yanow v. TealIndustries, Inc., 178 Conn. 262, 281-82, 422 A.2d 311 (1979). "[A] shareholder of a corporation does not have a personal or individual right of action for damages based solely on an injury to the corporation."Lazaros v. City of West Haven, supra, 45 Conn. Sup. 20. Where the injury suffered is solely through a decrease in stock value, only the corporation itself or a stockholder suing derivatively may maintain an action against the wrongdoer. Id. Thus, a loss in the value of a business suffered through a stockholder's interest does not give rise to an individual, non-derivative cause of action.
In light of the principles outlined above, this court finds that the first and second counts of the plaintiff's complaint are legally insufficient because the only direct injury alleged is to a nonparty corporation. Although the plaintiff stipulates that he will replead certain allegations in the first and second counts in order to allege the injuries suffered by the plaintiff directly, such a limited alteration would not render the first and second counts legally sufficient. This court finds that neither the first nor the second count alleges facts demonstrating a causal connection between the defendants' alleged breach or wrongful conduct and any direct injury to the plaintiff
Furthermore, this court finds that the first and second counts fail to sufficiently allege facts demonstrating breach, a requisite element in actions for negligence and for breach of fiduciary duty. Specifically, this court finds that the allegation in the first count that the defendants "used confidential information" against the plaintiff is conclusory and unsupported by any facts illustrating the defendants' use of confidential information against the plaintiff (Complaint, Count 1, ¶ 12.) Similarly, this court finds that the allegation in the second count that the defendants "disclosed or otherwise used" confidential information against the plaintiff is conclusory and unsupported by any facts illustrating the defendants' use of confidential information against the plaintiff (Complaint, Count 2, ¶ 15.) "[A] pleading must contain `a plain and concise statement of the material facts on which the pleader relies.'" Nizzardo v. State Traffic Commission, 259 Conn. 131,162, 788 A.2d 1158 (2002), citing Practice Book § 10-1; see alsoRossignol v. Danbury School of Aeronautics, 154 Conn. 549, 557,227 A.2d 418 (1967) (pleading must fairly apprise court and adverse party CT Page 4379 of the claims to be made and burden rests on plaintiff to allege recognizable cause of action). A motion to strike is properly granted if the complaint alleges mere conclusions that are unsupported by the facts alleged. Novametrix Medical Systems, Inc. v. BOC Group, Inc.,224 Conn. 210, 215, 618 A.2d 25 (1992). Consequently, this court concludes that the plaintiff's first and second counts fail to set forth legally sufficient causes of action.
II. Count Three (Intentional Misrepresentation) and Corresponding Prayerfor Punitive Damages and Attorney's Fees
Count three of the complaint sounds in intentional misrepresentation and alleges, in pertinent part, that: in June of 1999, the plaintiff, acting through Schwartz, his counsel, reached an agreement with de Toledo pursuant to which de Toledo would not represent Lawe against BrandDirect and/or the plaintiff; this representation was made in part to induce the plaintiff to refrain from taking legal action to prevent de Toledo from representing Lawe against BrandDirect and/or the plaintiff the representation made by de Toledo that she would not represent Lawe against BrandDirect or the plaintiff was false and was made to intentionally mislead the plaintiff the representation was made with the intent of having the plaintiff rely on it and not take action to prevent de Toledo from representing Lawe against BrandDirect and/or the plaintiff; the plaintiff relied on the misrepresentation; and as a result of the misrepresentation, the plaintiff has been damaged. In the corresponding prayer for relief, the plaintiff seeks punitive damages and attorney's fees.
The defendants argue that the third count of the complaint fails to allege a cause of action for intentional or fraudulent misrepresentation with sufficient specificity. Furthermore, the defendants argue that the third count fails to allege a sufficient causal connection between the alleged misrepresentation and the injury and fails to allege any facts supporting a claim of injury. Lastly, the defendants argue that the complaint fails to set forth any cognizable basis for an award of punitive damages or attorney's fees. In response, the plaintiff maintains that the third count sufficiently alleges a cause of action for intentional or fraudulent misrepresentation. The plaintiff's memorandum does not address the propriety of the prayers for punitive damages and attorney's fees. For the reasons that follow, this court finds that the third count fails to allege sufficient facts to support a cause of action for intentional or fraudulent misrepresentation and furthermore, that the corresponding prayers for punitive damages and attorney's fees are unsupported.
Intentional misrepresentation is synonymous with fraudulent CT Page 4380 misrepresentation. See Chestnut v. Kent, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 346653 (April 17, 1998,Skolnick, J.) (22 Conn.L.Rptr. 29). The essential elements of an action for fraudulent or intentional misrepresentation are that: "(1) a false representation was made as a statement of fact; (2) it was untrue and known to be untrue by the party making it; (3) it was made to induce the other party to act upon it; and (4) the other party did so act upon that false representation to his injury." Barbara Weisman, Trustee v. Kaspar,233 Conn. 531, 539, 661 A.2d 530 (1995); accord Billington v.Billington, 220 Conn. 212, 217, 595 A.2d 1377 (1991); see also Citino v.Redevelopment Agency of the City of Hartford, 51 Conn. App. 262, 275,721 A.2d 1197 (1998) ("[a]ll of these ingredients must be found to exist; and the absence of any one of them is fatal to a recovery."). "The party asserting such a cause of action must prove the existence of the first three of these elements by a standard higher than the usual fair preponderance of the evidence, which higher standard [the Supreme Court of Connecticut has] described as `clear and satisfactory' or `clear, precise and unequivocal.'" Barbara Weisman, Trustee v. Kaspar, supra,233 Conn. 540. Because the standard of proof at trial is heightened, so too is the standard for pleading a cause of action. Thus, "[w]here a claim for damages is based upon fraud, the mere allegation that a fraud has been perpetrated is insufficient; the specific acts relied upon must be set forth in the complaint." (Emphasis added.) Maruca v. Phillips,139 Conn. 79, 81, 90 A.2d 159 (1952). "A plaintiff cannot make general assertions of fraudulent misrepresentations, but must plead particular facts demonstrating what the representations were and how they were false." Plotkin v. Barot, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 346547 (June 15, 1999, Skolnick, J.) (striking fraudulent misrepresentation count for failure to specifically allege "what the statements were or the reason they were false."); Chestnut v.Kent, supra, 22 Conn.L.Rptr. 29 (same).
The case of Chestnut v. Kent, supra, 22 Conn.L.Rptr. 29, illustrates the insufficiency of pleading general assertions to support a cause of action for intentional misrepresentation. In Chestnut, the plaintiff alleged "that the defendant made a false representation of fact that she would perform under the contract; that this representation was known by the defendant to be false; that the representation was made to induce the plaintiff to make substantial repairs to the subject residence; and that the plaintiff relied on the false representation to his detriment and has thereby been damaged." Id. The Chestnut court found that the plaintiff made only "general assertions of fraudulent representations," without pleading "any particular facts demonstrating what the representations were or how they were false." Id. Accordingly, the Chestnut court concluded that the plaintiff's allegations were insufficient to state a cause of action for intentional misrepresentation, and granted the defendant's CT Page 4381 motion to strike that count of the plaintiff's complaint. Id.
In this case, the plaintiff's third count similarly rephrases the elements of a cause of action for intentional misrepresentation without alleging specific facts to support the cause of action. For example, the plaintiff does not specifically allege how de Toledo's statement "that she would not represent . . . Lawe against BrandDirect and/or [the plaintiff] was false." (Complaint, Count 3, ¶ 15.) The plaintiff does not allege that the statement was false because de Toledo subsequently represented Lawe in action against BrandDirect, or because de Toledo subsequently represented Lawe in an action against the plaintiff, or because de Toledo subsequently represented Lawe in an action against both BrandDirect and the plaintiff. Rather, the plaintiff merely alleges the conclusion that de Toledo's statement was false. As noted above, conclusory allegations and general assertions of fraudulent misrepresentations are insufficient to withstand a motion to strike.
Moreover, to the extent that the third count alleges that de Toledo made the false representation that she would not represent Lawe against BrandDirect, such an allegation does not support the plaintiff's cause of action for intentional or fraudulent misrepresentation; BrandDirect is not a party in this action. The plaintiff does not allege any specific facts demonstrating that he relied upon the false representation to his detriment or that he suffered any direct injury as a result of the false representation. See Suffield Devel. Assoc. L.P. v. National Loan Inv.,64 Conn. App. 192, 201-03, 779 A.2d 822, cert. granted, 258 Conn. 922,782 A.2d 1252 (2001) (striking fraud claim because complaint alleged that the court, not the plaintiff, relied on the defendants' statements and because complaint failed to allege that the plaintiff acted on the defendants' false representations to its injury); Citino v. RedevelopmentAgency of the City of Hartford, supra, 51 Conn. App. 275 (stating that plaintiff must rely on misrepresentation to recover damages); MoheganTribal Gaming Authority v. PNE Media, Superior Court, judicial district of New London at Norwich, Docket No. 119697 (September 10, 2001, Hurley,J.T.R.) (same). Rather, the plaintiff merely alleges the conclusion that "[a]s a result of said misrepresentation [the] plaintiff has been damaged." The plaintiff's bare allegation that he was damaged fails to satisfy the requirement that he plead sufficient facts to fairly apprise the defendants and the court of the cause and the nature of his injuries and damages. Consequently, this court concludes that the plaintiff's third count fails to set forth a legally sufficient cause of action.
Because this court has already determined that the third count of the plaintiff's complaint is legally insufficient, it follows that punitive damages and attorney's fees cannot be awarded on the basis of that insufficient count. Nonetheless, this court finds that the plaintiff's CT Page 4382 corresponding claims for punitive damages and attorney's fees are not supported by the facts alleged in his complaint. "To furnish a basis for recovery of [punitive or exemplary] damages, the pleadings must allege . . . wanton or willful malicious misconduct, and the language contained in the pleadings must be sufficiently explicit to inform the court and opposing counsel that such damages are being sought." Markey v.Santangelo, 195 Conn. 76, 77, 485 A.2d 1305 (1985). "A wilful and malicious injury is one inflicted intentionally without just cause or excuse. . . . Not only the action producing the injury but the resulting injury must be intentional. . . . A wilful or malicious injury is one caused by design. Wilfulness and malice alike import intent. . . . [Its] characteristic element is the design to injure either actually entertained or to be implied from the conduct and circumstances. . . . Wanton misconduct is reckless misconduct. . . . It is such conduct as indicates a reckless disregard of the just rights or safety of others or of the consequences of the action." (Citations omitted.) Id., 77-78. SeeRiiska v. Bendell, Superior Court, judicial district of Litchfield, Docket No. 074843 (January 21, 1998, Pickett, J.T.R.) (request for punitive damages stricken where count of complaint sounding in fraudulent misrepresentation did not allege wanton, wilful, or reckless malicious misconduct). The plaintiff's complaint fails to allege wanton or willful malicious misconduct on the part of the defendants. Consequently, this court finds that the plaintiff's complaint does not provide does not provide a basis for an award of punitive damages.
To furnish a basis for recovery of attorney's fees, the pleadings must allege a contractual or statutory predicate for an award of such fees. "The general rule of law known as the "American rule' is that attorney's fees and ordinary expenses and burdens of litigation are not allowed to the successful party absent a contractual or statutory exception. . . . This rule is generally followed throughout the country. . . . Connecticut adheres to the American rule." (Citations omitted.) Rizzo Pool Co. v. DelGrosso, 240 Conn. 58, 72-73, 689 A.2d 1097 (1997). The plaintiff neither alleges nor argues that any contractual or statutory exception enables his recovery of attorney's fees, and no such exception may reasonably be inferred. Consequently, this court finds that the plaintiff's complaint does not provide a basis for an award of attorney's fees.
III. Conclusion
In summary, the motion to strike the complaint is granted in its entirety. Pursuant to Practice Book § 10-44, the plaintiff has fifteen days from the date of this decision to file a new pleading.
So Ordered.
JOHN R. DOWNEY SUPERIOR COURT JUDGE CT Page 4383