SUSAN REYNOLDS *v.* ALFRED G. OWEN

SUPERIOR COURT          HARTFORD COUNTY          FILE No. 204492

Memorandum filed October 14, 1977

*Douglas G. Kowal* and *Waldemar J. Lach,* for the plaintiff.

*Joseph Neiman,* for the defendant.

BURNS, J. On February 21, 1977, the defendant, Alfred G. Owen, filed a demurrer in this action to the complaint of the plaintiff, Susan Reynolds. For the reasons set forth below, the defendant's demurrer to the first two counts is overruled, but his demurrer to the third count is sustained.

The first count of the plaintiff's complaint sets forth the factual circumstances, delineated below, on which she bases her legal claims. On demurrer well pleaded factual allegations, including facts necessarily implied by those allegations, are admitted by the party demurring. *Wachtel* v. *Rosol,* 159 Conn. 496, 500. Legal conclusions or personal opinions are not admitted. Further, a complaint tested on demurrer must be construed in a manner most favorable to the pleader. *McAdam* v. *Sheldon,* 153 Conn. 278, 280.

The plaintiff alleges that her parents, Dolores J. Parker, hereinafter Dolores, and Harris Parker, Jr., hereinafter Harris, were joint tenants in survivorship of certain realty which was used as a residence

and located in Newington, Connecticut. On Harris' death in January, 1971, Dolores became owner in fee simple of the Newington realty. Prior to his death, Harris had mutually agreed with Dolores that, on the death of the survivor of them, the realty would pass to the plaintiff, their only child.

Commencing in 1973, the defendant and the plaintiff's mother, Dolores, cohabitated in the manner of husband and wife at the Newington residence. By October, 1974, Dolores was suffering from dipsomania brought about by alcoholism and from an impaired mental capacity. Knowing of her mental and physical ailments, the defendant conducted himself in a manner contributing to her erratic behavior, in part by supplying her with liquor.

The defendant was aware of the mutual agreement between Dolores and Harris regarding the acquisition of the Newington residence by the plaintiff at their deaths. On October 4, 1974, Dolores executed a deed by which the defendant became a joint tenant of the Newington realty. The defendant now claims fee simple ownership of that realty. Also on October 4, 1974, Dolores executed a will, allowed in probate in the district of Newington in April, 1976, naming the defendant as her sole beneficiary. Dolores died on December 1, 1975.

In her first count, the plaintiff asserts that, "by his undue influence and fraudulent misrepresentations [and] unfair advantage," the defendant "frustrated the intentions of plaintiff's parents" to leave her the Newington realty. The plaintiff prays for an award of damages and the declaration of a constructive trusteeship in her favor as to the Newington realty, as well as additional equitable relief.

Pointing to the alleged exercise of undue influence by the defendant over Dolores in procuring his interest in the realty, the plaintiff in her second

count seeks relief identical to that claimed in the first count. In her third count the plaintiff charges that Dolores' will was executed as a result of the defendant's inducements, coercion and fraud. The plaintiff prays, as to that count, that the will be set aside, that damages be awarded and that further relief in equity be afforded.

In his demurrer to the first count the defendant claims that the plaintiff has failed to allege a cause of action sounding in either tort or contract. The plaintiff responds that she is seeking to enforce a contractual arrangement as a third-party beneficiary and, additionally, that causes of action in tort have been alleged.

A contract is "an agreement upon sufficient consideration to do, or refrain from doing, a particular lawful thing." Ballentine's Law Dictionary (3d Ed.). Further, a third-party beneficiary may bring suit to enforce a contract. *Howe* v. *Merritt-Chapman & Scott Corporation,* 4 Conn. Sup. 378, 380.

Construed favorably, the plaintiff's allegation that Dolores and Harris mutually agreed that the Newington realty pass to the plaintiff at their deaths establishes a contract for the plaintiff's benefit. Consideration is implied, for purposes of the defendant's demurrer, from the plaintiff's allegation of a mutual agreement.

The defendant argues that § 52-550 of the General Statutes, the Statute of Frauds, requires a contract such as the plaintiff has alleged to be in writing. The complaint does not indicate whether the agreement between Harris and Dolores was oral or written. "The mere allegation of a contract within the statute will not sustain a demurrer on this

ground since evidence of a written as well as an oral contract would be admissible under such an allegation." Stephenson, Conn. Civ. Proc. § 117.

Although a contract may exist under the circumstances set forth in the plaintiff's complaint, the terms of such a contract could not be enforced against the defendant since no allegation has been made that the defendant was a party thereto. Nor has it been alleged that the defendant assumed a contractual obligation of either the promisor or the promisee. Generally, enforcement of a contractual obligation depends on privity of contract. See *Home Insurance Co. of New York* v. *Michael Hoffman Fuel Co.,* 126 F. Sup. 652 (D. Conn.).

Construed favorably, however, the allegations in the plaintiff's first count set forth a cause of action in tort for intentional interference with contractual rights. An intentional interference with contractual rights by a third party "not having equal or superior rights or by one knowing of this contract relation" constitutes "a wrongful interference subjecting him who procured the breach to an action for the damage resulting from the tort." *R an W Hat Shop, Inc.* v. *Sculley,* 98 Conn. 1, 12.

As a third-party beneficiary, the plaintiff possesses the requisite contractual rights to bring a cause of action in tort. See *Howe* v. *Merritt-Chapman & Scott Corporation,* supra, 380. Further, the plaintiff alleges, in so many words, that the defendant knew of the contract from which her rights were derived, and that he intentionally interfered with those rights, to the extent that the contract was breached. Those allegations set forth the essential elements of a cause of action for intentional interference with contractual rights.

A demurrer addressed simply to the count will be overruled if any one theory is supported by the allegations in the count. Stephenson, op. cit. § 116.

For the foregoing reasons, the defendant's demurrer to the first count is overruled.

The second count of the plaintiff's complaint is apparently aimed at setting forth a cause of action by which the deed conveying the Newington realty to the defendant could be set aside. Grounds for the relief sought are the undue influence and fraudulent inducement exercised by the defendant over Dolores, as well as Dolores' mental incompetence at the time of the conveyance.

Where undue influence has been exerted on a grantor of realty, the deed to the realty is voidable. *Fritz* v. *Mazurek*, 156 Conn. 555, 559. Similarly, a conveyance made by an incompetent grantor not under guardianship is voidable; *Coburn* v. *Raymond*, 76 Conn. 484, 488; as is a conveyance induced by fraudulent misrepresentation. *Eakin* v. *Cities Service Oil Co.*, 228 Ark. 979.

In her second count, the plaintiff does not allege a contractual interest in the Newington realty. As an heir at law, however, a fact inferred from the plaintiff's status as Dolores' daughter, the plaintiff possesses sufficient standing to have the deed to the defendant set aside.

It was incumbent on the plaintiff to allege circumstances making the deed voidable. See *Eakin* v. *Cities Service Oil Co.*, supra. Undue influence exercised on a grantor, that is, the exercise of sufficient control over the grantor to destroy his or her free agency; *Fritz* v. *Mazurek*, supra, 560; renders a deed voidable. Count two of the complaint sets forth factual allegations from which undue influence can be inferred.

Whether the second count sets forth causes of action grounded on fraud and incompetence need not be determined at this point. Where a count in a complaint purports to set out more than one cause of action, a demurrer, such as the defendant's, addressed to the entire count fails if it does not reach a cause of action pleaded. *Wachtel* v. *Rosol,* 159 Conn. 496, 499. The defendant's demurrer fails to reach a cause of action grounded on undue influence.

For the aforementioned reasons, the defendant's demurrer to the second count is overruled.

In the third count, the plaintiff alleges that the defendant "induced, coerced, convinced and caused" Dolores to execute a will disinheriting her only child, the plaintiff, and naming the defendant her sole beneficiary. The plaintiff seeks to have this will, which was allowed in probate, declared null and void, the defendant ordered to relinquish any interest in Dolores' estate by virtue of the will, damages and such other relief as in justice and equity may appertain. The defendant demurs on the ground that the plaintiff is thereby attempting to set aside a will although the proper procedure would be to object to the will on its presentation in a court of probate. The plaintiff claims that it is unclear whether the demurrer is addressed to the cause of action alleged or the relief demanded and adds that, if the relief demanded is the subject of the demurrer, it is uncertain whether the defendant is attacking all or part of that relief.

For all practical purposes, the defendant's demurrer is addressed to the relief and, to expedite the resolution of this matter, the court construes the demurrer to be directed to all the relief demanded. Although "[w]hen multiple relief is claimed, a demurrer objecting generally to the relief

will be overruled unless all relief requested is improper"; Stephenson, op. cit. § 117; the defendant's objection to the relief demanded is founded on the premise that the court presently lacks jurisdiction to adjudicate the validity of Dolores' will. Generally, the court's jurisdiction over the person or subject matter may not be challenged on demurrer, even if lack of jurisdiction is apparent on the record. A motion to erase or a plea in abatement are the means by which jurisdictional issues should normally be raised. See Practice Book §§ 93 and 94. Nevertheless, a demurrer to relief beyond the power of a court to grant may raise indirectly a court's lack of subject-matter jurisdiction. Stephenson, op. cit. § 117. Additionally, lack of subject-matter jurisdiction may be raised at any point in a proceeding. *Riley* v. *Liquor Control Commission,* 153 Conn. 242, 248. Since the defendant's demurrer to the third count is addressed to the court's power to grant relief, the jurisdictional issue must necessarily be considered.

Ordinarily, the Superior Court will consider the validity of a testamentary document only on an appeal from an order or decree of the Probate Court. General Statutes § 45-288. The present action is not before the court on an appeal and the record fails to indicate whether the plaintiff has separately appealed an order of the Probate Court regarding the validity of Dolores' will.

Exceptional circumstances exist, however, in which the court will consider an attack on a probate order or decree in lieu of or subsequent to appeal. For example, the court will entertain an equitable proceeding directly attacking a prior judgment or decree if it is alleged that the judgment or decree is invalid because of fraud or mistake entering into its procurement. *Miller* v. *McNamara,* 135 Conn.

489, 495. This plaintiff has failed to allege that any probate order or decree respecting Dolores' will was procured as a result of fraud practiced or mistake induced upon the Probate Court. Under certain circumstances, a direct attack on a decree admitting a will to probate alleging fraud, imposition and undue influence may also lie seeking, as relief, a judgment of this court that the decree is null and void and that it be set aside and the defendant restrained from setting it up as a defense to further proceedings in the Probate Court, thus leaving the parties to bring the question of the admission of the will to probate again before that court in disregard of the prior decree. *Folwell* v. *Howell,* 117 Conn. 565, 572. Neither the allegations of this count nor the relief sought fall within the *Folwell* rule. See also *DelVecchio* v. *DelVecchio,* 146 Conn. 188, 190.

The defendant's demurrer to the third count is sustained.