[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The plaintiff, Owen C. Little Sons, Inc., filed a two-count amended complaint on February 2, 1994 against the defendants, Attorneys David B. Beizer and Jay B. Weintraub. The plaintiff alleges the following facts. The plaintiff entered into a contract with The Jack Farrelly Co. (Farrelly) for the sale of construction materials. The plaintiff and Farrelly also entered into a credit agreement, which was signed by Owen C. Little as guarantor. The credit agreement included a provision in which the plaintiff waived all rights to notice and a hearing prior to the use of prejudgment remedies; the individual guarantee section of the credit agreement, signed by Owen C. Little, personally, did not include a similar provision. A dispute arose between the plaintiff and Farrelly after Farrelly delivered certain construction materials late. Farrelly's attorneys, Beizer and Weintraub, allegedly attached Little's home wrongfully and caused the attachment to be maintained on the land records without prior court order and without waiver.
In count one, the plaintiff alleges that the defendants breached the credit agreement by wrongfully attaching Little's property without prior notice or hearing. Additionally, the first count alleges that the defendants' actions violated General Statutes § 42-110, the Connecticut Unfair Trade Practices Act (CUTPA); the Constitution of the State of Connecticut; the United States Constitution; Connecticut's prejudgment remedy statutes, § 52-278a-g; and the Federal Equal Credit Opportunity Act, 15 U.S.C. § 1691
et seq. In count two, the plaintiff alleges that the defendants were negligent in wrongfully attaching Little's property.
The defendants move to strike the complaint in its entirety on the ground that Farrelly and Little are necessary parties and have not been joined, and on the ground of legal insufficiency. In response, the plaintiff argues that neither Farrelly nor Little are necessary parties and that both counts are legally sufficient.
The purpose of a motion to strike is "to contest the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." Gordon v. BridgeportHousing Authority, 208 Conn. 161, 170, 544 A.2d 1185 (1988). A motion to strike "admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in CT Page 6928 the pleadings." Mingachos v. CBS, Inc., 196 Conn. 91, 108,491 A.2d 368 (1985). In deciding upon a motion to strike, the court shall construe the facts alleged most favorably to the pleader.Gordon v. Bridgeport Housing Authority, supra 170. A contract cannot be enforced against a defendant who is not a party to the contract. Reynolds v. Owen, 34 Conn. Sup. 107,111, 380 A.2d 543 (1977). "Generally, enforcement of a contractual obligation depends on privity of contract." Id.
In the present case, the plaintiff alleges that it entered into a credit agreement with Farrelly. There is no allegation that the defendants were parties to that credit agreement or that they assumed any "contractual obligation of either the promisor or promisee." Id. Necessary parties are those persons having an interest in the controversy, and who ought to be made parties, in order that the court may act on that rule which requires it to decide on, and finally determine the entire controversy, and do complete justice, by adjusting all the rights involved in it. SeeBiro v. Hill, 214 Conn. 1 (1990). Therefore, the plaintiff cannot maintain a cause of action against the defendants for breach of contract.
The plaintiff also alleges in count one that the defendants' actions violated CUTPA. "Imposing liability under CUTPA on attorneys for their representation of a party opponent in litigation would not comport with a lawyer's duty of undivided loyalty to his or her client." Jackson v. R.G. Whipple, Inc.,225 Conn. 705, 729, 627 A.2d 374 (1993). Since the defendants' actions arose out of their representation of Farrelly in a dispute between Farrelly and the plaintiff, the plaintiff does not have "the requisite relationship with [the defendants] to allow [it] to bring suit against [them] under CUTPA." Id. Accordingly, the defendants' motion to strike count one is granted.
"Determining when attorneys should be held liable to parties with whom they are not in privity is a question of public policy. (Citation omitted.) Krawczyk v. Stingle, 208 Conn. 239, 245,543 A.2d 733 (1988). "Generally, attorneys are not liable to persons other than their clients, except when the plaintiff can show that he was the intended or foreseeable beneficiary of the attorney's services." (Citation omitted.) Cotroneo v. Von Schilling,9 CSCR 133 (January 5, 1994, Lewis, J.). The court has "cautioned against providing an access to damages to a plaintiff adversely affected by the performance of legal services on behalf of someone whose interests were adverse to the plaintiff's." Jackson v. R.G.CT Page 6929Whipple, Inc., supra, 225 Conn. 728. The court should not adopt any rule that "would interfere with the attorney's primary duty of robust representation of the interests of his or her client."Mozzochi v. Beck, 204 Conn. 490, 497, 529 A.2d 171 (1987).
Research has revealed no case law in Connecticut on liability of attorneys for wrongful attachment. However, the general rule is that an attorney is not liable to a third party for damages resulting from an attachment unless the attorney "acted dishonestly or with some improper purpose of his own which in law amounts to malice." 7 Am.Jur.2d, Attachments § 234.
In the present case, the plaintiff alleges that as a result of Farrelly's delay in shipping construction materials, a dispute arose between the plaintiff and Farrelly. The plaintiff alleges that the defendants, in representing Farrelly, wrongfully attached Little's property. The plaintiff alleges that the defendants were negligent by failing to review the language of Little's personal guarantee, and by failing to remove the attachment from Little's property.
At the time of the attachment, the plaintiff was in an adversarial relationship with the defendants' client, Farrelly. Obviously, the plaintiff was not an intended beneficiary of the defendants' services. In light of both the court's reluctance to expand attorney liability to third parties and the general rule on attorney liability for wrongful attachment, the plaintiff has not sufficiently alleged a cause of action in negligence against the defendants. Therefore, the defendants' motion to strike count two is granted.