[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
The plaintiffs, Jacqueline Ervin and Curtis Ervin, commenced this action against the defendant Hosanna Ministry, Inc., a/k/a Hosanna Ministries, Inc., ("Hosanna Ministry"), and Obie Ponton, on October 3, 1994. The plaintiffs allege that on or about December, CT Page 12837 1992, Jacqueline Ervin was admitted into the care and custody of the defendant Hosanna Ministry for treatment and rehabilitation with respect to her alcohol/drug addictions. The plaintiffs further allege that funds were paid for Jacqueline Ervin's acceptance and admittance into the program. Count one claims negligence on the part of Hosanna for its failure to maintain its premises in reasonably safe condition resulting in injury to the plaintiff. On May 4, 1993, plaintiff Jacqueline Ervin allegedly slipped and fell due to water accumulation on a slippery floor. Count two sounds in nuisance. Count three alleges that the defendant Obie Ponton, as agent and employee of defendant Hosanna, fraudulently misrepresented that Hosanna Ministry was a drug/treatment center licensed by the state, and that he (Ponton) was certified as a Connecticut substance abuse counselor. Count four alleges CUTPA violations for violating General Statutes §§19a-491, and 20-74p, based on the same misrepresentations alleged in count three. Count five alleges loss of spousal consortium for Curtis Ervin, the husband of Jacqueline Ervin. On January 24, 1995, the defendants filed an answer with one special defense; the special defense asserts contributory negligence on the part of the plaintiff, Jacqueline Ervin. On July 11, 1995, the defendants filed a motion for summary judgment on the basis that Jacqueline Ervin waived her right to bring any claim based upon the defendants' intentional, reckless, or negligent conduct by "freely" and "with full comprehension" signing a general release on January 17, 1993. A copy of the purported release was filed as supporting documentation by the defendants.
On July 26, 1995, the plaintiffs filed an objection to the defendants' motion for summary judgment along with the affidavit of Jacqueline Ervin. The objection to summary judgment essentially asserts that the plaintiff has no recollection of signing the release, was in a diminished capacity if she did sign the release, and that there were fraudulent misrepresentations made to the plaintiff at the time of admittance into Hosanna Ministry's drug/alcohol rehabilitation program, and these misrepresentations induced her to enroll in the program.
"[T]he standard of review of a trial court decision granting a motion for summary judgment . . . [is that] summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Suarez v.Dickmont Plastics Corp., 229 Conn. 99, 105, 639 A.2d 507 (1994); CT Page 12838 Practice Book § 384. "In deciding motions for summary judgment, the trial court is obligated to construe the evidence in the light most favorable to the nonmoving party." Gabrielle v. Hospital ofSt. Raphael, 33 Conn. App. 378, 383, 635 A.2d 1232 (1994).
The court feels that there are several issues of material fact for a trier to determine such as whether the plaintiff actually signed the general release[1], or, in the alternative, whether she signed the release "freely" or "with full comprehension."[2]
"Whether or not a provision forms part of a contract is ordinarily a factual question for the trier." Carter v. ReichlinFurriers, 34 Conn. Sup. 661, 665, 386 A.2d 647 (Appellate Sess. 1977). "The assent of both parties is necessary to the special provisions limiting the liability of the [the defendant]." Griffinv. Nationwide Moving Storage Co., 187 Conn. 405, 414,446 A.2d 799 (1982).
The court believes that plaintiff's affidavit raises a genuine issue of material fact as to her assent to the general release. As plaintiff's affidavit indicates that she has no "recollection" of signing a waiver or release, an issue of fact exists as to whether she actually signed the release and assented to its terms.
Even if the court were to conclude, for the purposes of summary judgment consideration, that Jacqueline Ervin actually signed the general release, an issue of material fact would remain as to whether Jacqueline Ervin's signature was made "freely" and with "full comprehension." If, as claimed in her affidavit, she was under the influence of drugs, she may have lacked the mental capacity to execute such a general release of all claims. If the plaintiff was intoxicated or lacked mental capacity due to her addictions, then an issue exists as to whether she assented to the agreement.
"[I]n Connecticut a party may avoid certain contractual obligations on the ground that at the time they were entered into he or she was mentally incapacitated." Cotrell v. Connecticut Bank Trust Co., 175 Conn. 257, 261, 398 A.2d 307 (1978). According to the Restatement (Second), Contracts,[3] a party cannot be bound to a contract if they were intoxicated when they entered into the contract. The rationale for this is that "compulsive alcoholism may be a form of mental illness. . . . If drunkenness is so extreme
as to prevent any manifestation of assent, there is no capacity to contract." (Emphasis added.) Restatement (Second), Contracts § 16, CT Page 12839 comment (a) (1981). "Otherwise the other party is affected only by intoxication of which he has reason to know." Restatement (Second), Contracts § 16, comment (b) (1981). "The contracts and conveyances of a person non compos mentis, when not under guardianship, are voidable and not void." (Emphasis added.) Cooper v. Burby,7 CSCR 591, 592 (April 29, 1992, Satter, S.T.R.), citing Coburn v.Raymond, 76 Conn. 484, 488, 57 A. 116 (1904); Reynolds v. Devers,34 Conn. Sup. 107, 112, 380 A.2d 543 (1977).
Due to her alcohol/drug addictions the plaintiff attests that she has no recollection of signing a waiver or release of claims dated January 17, 1993. (Plaintiff's Affidavit, ¶¶ 4, 10). Therefore, an issue of material fact exists as to whether Jacqueline Ervin had the mental capacity to execute such a release.
"The test of mental capacity to make a contract or deed is whether at the time of execution of the instrument the maker possessed understanding sufficient to comprehend the nature, extent and consequences of the transaction." Nichols v. Nichols, 79 Conn. 644,657 (1907). Evidence may be considered as to the mind of the alleged incompetent `before, at, and after his contract, in order to ascertain his real condition at the moment of entering into an agreement.'" Cooper v. Burby, supra, 7 CSCR 592, quoting Grant v.Thompson, 4 Conn. 203, 208 (1822).
In addition, the plaintiff's affidavit raises an issue as to whether the defendant made fraudulent misrepresentations[4] in order to induce the plaintiff to sign the agreement. According to said affidavit, the defendant represented that Hosanna Ministry was a licensed drug/alcohol treatment center, pursuant to General Statutes 19a-490, and that Obie Ponton was a licensed substance abuse counselor, pursuant to General Statutes § 20-74o.
"The general rule is that where a person of mature years and who can read and write, signs or accepts a formal written contract affecting his pecuniary interests, it is his duty to read it and notice of its contents will be imputed to him if he negligently fail to do so; but this rule is subject to disqualifications, including intervention of fraud or artifice . . . and applies only if nothing has been said or done to mislead the person sought to be charged. . . ." (Emphasis added.) DiUlio v. Goulet, 2 Conn. App. 701,704, 483 A.2d 1099 (1984). Therefore, an issue of material fact exists as to whether the plaintiff was induced to enter into the general release based upon such fraudulent misrepresentations as are claimed by the affidavit of the plaintiff. CT Page 12840
Because of the existence of several issues of material fact, the defendants' motion for summary judgment is hereby denied.
Skolnick, J.