[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this case, the plaintiff, Eugene Verrastro, brings suit against the defendant, Jeff Auerbach, d/b/a Derby Feed Company, for damages allegedly sustained as a result of the defendant's CT Page 3013 breach of a commercial lease. A chronological summary of the factual and procedural history of this case follows.
On March 11, 1994, the plaintiff filed a one count complaint against the defendant which contains the following allegations. On August 17, 1993, the plaintiff and Derby Feed Company ("DFC") entered into a written agreement for the lease of a portion of a building located in West Haven, Connecticut. This lease, drafted by the plaintiff, lists the plaintiff as the landlord and DFC as the tenant. The defendant signed this lease as "president". By the terms of the lease, the plaintiff agreed to let the premises to DFC for a period of one year at the rate of $900 per month. DFC occupied the premises until December of 1993 when it surrendered possession thereof. The plaintiff alleges that DFC failed to pay its rent for all but the first month of the one-year lease.
A bench trial was held before the court, Kulawiz, J., on December 8, 1995. At trial, the defendant offered evidence concerning the commercial arrangements between the parties over a period of time. First, the defendant introduced a copy of a prior lease agreement between himself and the plaintiff by which he occupied the subject property from August 11, 1991 until August 1, 1992. This agreement clearly indicates that the defendant entered into this agreement on behalf of the Derby Feed Enterprises Corporation ("the corporation") in his capacity as its president. The defendant also introduced a copy of a cancelled rent check, dated November 19, 1992, which was drawn from the account of "The Derby Feed Services Corporation d/b/a Derby Feed Company".
The first issue this court addresses is whether the defendant disclosed that he entered into the subject lease on behalf of the corporation so as to absolve him from personal liability on the contract. It is well settled that where an agent contracts in his own name without disclosing his representative capacity, the agent is personally liable on the contract.Murphy v. Dell Corporation, 184 Conn. 581, 582 (1981); KleppWood Flooring Corp. v. Butterfield, 176 Conn. 528, 532-33
(1979); Diamond Match Co. v. Crute, 145 Conn. 277, 279 (1958);Caliendo v. Catania, 127 Conn. 66, 70 (1940); Frederick Raff Co.v. Goeben, 116 Conn. 83, 85 (1932); Pierce v. Johnson, 34 Conn. 274,275 (1867); 1 Mechan, A Treatise on the Law of Agency (2d Ed. 1914) 1410; 2 Restatement (Second), Agency 322. Whether the status of a corporation as principal is undisclosed to the party CT Page 3014 contracting with the alleged agent, however, is a question of fact for the trial court. Murphy v. Dell Corporation, supra, at 582. This court is convinced that the evidence demonstrates that the plaintiff was aware that "Derby Feed Company" was a trade name employed by the Derby Feed Enterprises Corporation, and that the defendant validly executed the subject lease in favor of the corporation.
This conclusion, moreover, is supported by the fact that the subject lease states that the tenant is the Derby Feed Company and is signed by the defendant as "president". The preceding discussion illustrates that the plaintiff was aware of the use of the trade name by virtue of the prior dealings between the parties. Thus, the lease itself is ambiguous because it fails to clearly identify the parties to the agreement. "It is generally accepted . . . that when two or more meanings may fairly be given to language in a contract, the language is to be construed against the one who drew it . . .; and, likewise, the language of a contract is typically construed most strongly against the party whose language it is and for whose benefit it was inserted." (Citations omitted.) Sturmanv. Socha, 191 Conn. 1, 9, 463 A.2d 527 (1983). Construing the language of the subject lease against the plaintiff, this court further concludes that the use of the trade name demonstrates the plaintiff's intent to enter into this agreement with the Derby Feed Services Corporation rather than the plaintiff in his individual capacity.
The primary issue raised in this case then becomes whether the president of a corporation may be held personally liable on a contract he entered into on behalf of his corporation. The following principles guide this court's determination.
It is black letter law that a contract cannot be enforced against a defendant who is not a party to the contract.Reynolds v. Owen, 34 Conn. Sup. 107, 111, 380 A.2d 543 (1977). "Generally, enforcement of a contractual obligation depends on privity." Id. In the instant case, the lease agreement was signed by the defendant in his capacity as president of the corporation. "It is well settled . . . that a corporation is a distinct legal entity that can act only through its agents."Larsen Chelsey Realty Co. v. Larsen, 232 Conn. 480, 505,656 A.2d 1009 (1995). As such, the defendant entered into the contract on behalf of the corporation rather than in his personal capacity. The defendant, therefore, is not in privity CT Page 3015 with Verrastro and cannot have the terms of the lease agreement enforced against him. The defendant, moreover, cannot be held liable for the debts of the corporation simply because of his status as its president. "[A] fundamental attribute of the corporate form is that it shields the shareholders, directors and officers from personal liability. . . ." Campisano v.Nardi, 212 Conn. 282, 288, 562 A.2d 1 (1989).
Based upon the evidence adduced at trial, it is evident that the defendant, individually was not a party to the agreement and cannot be held personally liable for the debts of the corporation. Accordingly, judgment shall enter for the defendant.
KULAWIZ, J.