[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 FACTS
On March 14, 2000, the plaintiff, Mashantucket Pequot Tribal Nation, filed a complaint against the defendants, The Tucker Company (Tucker), Emcor Group Inc. (Emcor), and J. C. Higgins Corporation (Higgins). The single count complaint alleged a breach of contract claim as follows. On or about August 26, 1991, the plaintiff entered into a contract with C.R. Klewin, Inc. (Klewin), pursuant to which Klewin agreed to undertake management services in connection with Phase VI of the Foxwoods Tower Hotel and Casino Project (project). Thereafter, on March 15, 1994, Klewin, as agent for the plaintiff, allegedly entered into a contract with Tucker wherein Tucker agreed to install a fire sprinkler system in the project (installation contract). Tucker allegedly breached the terms and conditions of the installation contract by failing to install the fire sprinkler system in accordance with the applicable plans and specifications. The plaintiff alleged that "[u]pon information and belief' on or about July 2, 1996, Emcor acquired Tucker and that "[u]pon information and belief' Tucker is now operating as a division of Higgins, a subsidiary of Emcor.
On June 29, 2000, the defendants, Emcor and Higgins, filed a motion to strike supported by a memorandum of law. On July 26, 2000, the plaintiff filed its objection to the motion to strike and a supporting memorandum of law. CT Page 15493
 DISCUSSION
A motion to strike is filed when a party "wishes to contest . . . the legal sufficiency of the allegations of any [complaint] . . . to state a claim upon which relief can be granted. . . ." Practice Book §10-39. "We must take as true the facts alleged in the plaintiff's complaint and must construe the complaint in the manner most favorable to sustaining its legal sufficiency. . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Citations omitted; internal quotation marks omitted.) PeterMichael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270-271, 709 A.2d 558
(1998). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged."Novametrix Medical Systems v. BOC Group, Inc., 224 Conn. 210, 215,618 A.2d 25 (1992).
Emcor and Higgins argue that the plaintiff's complaint fails to state a claim upon which relief can be granted. Specifically, they argue that the complaint does not allege that they are parties to the installation contract at issue. First, plaintiff argues that its allegations are sufficient to assert a privity of contract between it and the defendants, Emcor and Higgins, because the allegations "both assert and implicate a relationship indicating a change in control over Tucker, its businesses and contractual responsibilities." Second, the plaintiff argues, alternatively, that privity of contract is not required in order for it to enforce its contractual rights against Emcor and Higgins because it was an intended beneficiary of the installation contract. Finally, the plaintiff argues that successor liability has been sufficiently alleged between Tucker and the defendants, Emcor and Higgins.
The plaintiff's first argument is that the two allegations made "upon information and belief" "assert and implicate a relationship indicating a change in control over Tucker, its businesses and contractual responsibilities" and that "[t]hese allegations reference relationships that created privity of contract between the plaintiff and the defendants."
"In pleading an action for breach of contract, plaintiff must plead: 1) the existence of a contract or agreement; 2) the defendant's breach of the contract or agreement; and 3) damages resulting from the breach.O'Hara v. State, 218 Conn. 628, 590 A.2d 948 (1991)." Chem-Tek, Inc. v.General Motors Corp., 816 F. Sup. 123, 131 (D.Conn. 1993). The plaintiff alleges that Tucker entered into a contract with Klewin for the benefit of the plaintiff. There is no allegation that either Emcor or Higgins were parties to the contract. The plaintiff merely alleges CT Page 15494 "[u]pon information and belief' that Tucker was acquired by Emcor and Tucker is now operating as a division of Higgins, a subsidiary of Emcor. These allegations, made upon information and belief, are legally insufficient to show that Emcor and Higgins were parties to the installation contract entered between Tucker and Klewin. "One who is neither a party to a contract nor a contemplated beneficiary thereof cannot sue to enforce the promises of the contract." Tomlinson v. Boardof Education, 226 Conn. 704, 718, 629 A.2d 333 (1993). "Connecticut courts require privity of contract in order to maintain a cause of action for breach of contract." Chang v. Novella, Superior Court, Judicial District of Danbury, Docket No. 311569 (July 28, 1995, Stodolink, J.);Reynolds v. Owen, 34 Conn. Sup. 107, 111, 380 A.2d 543 (1977) ("enforcement of a contractual obligation depends on privity of contract.")
The two allegations made "upon information and belief" are both factually and legally inadequate to support the plaintiff's arguments that Emcor and Higgins were parties to the contract or that privity of contract existed between the plaintiff and these two defendants. Since the plaintiff has not alleged sufficient facts to support the privity of contract claim, this argument has no merit.
Alternatively, the plaintiff argues that it is the intended third party beneficiary under the installation contract and is therefore entitled to enforcement against Emcor and Higgins. "[T]he ultimate test to be applied [in determining whether a person has a right of action as a third party beneficiary] is whether the intent of the parties to the contract was that the promisor should assume a direct obligation to the third party [beneficiary] and . . . that intent is to be determined from the terms of the contract read in the light of the circumstances attending its making, including the motives and purposes of the parties." (Emphasis omitted; internal quotation marks omitted.) Grigerik v. Sharpe,247 Conn. 293, 311-12, 721 A.2d 526 (1998). See also Knapp v. New HavenRoad Construction Co., 150 Conn. 321, 325, 189 A.2d 386 (1963). Even though the plaintiff may have alleged sufficient facts to show that it is a third party beneficiary under the installation contract executed between Tucker and Klewin, the plaintiff fails to allege any facts showing that Higgins and Emcor were parties to the installation contract, or they as promisors, ever intended to assume an obligation to the plaintiff as a third party beneficiary. The allegations made upon information and belief do not support this legal conclusion regarding Emcor and Higgins.
Finally, the plaintiff argues that it has sufficiently alleged successor liability to sustain this breach of contract action against Emcor and Higgins. The plaintiff argues that by alleging Tucker has been CT Page 15495 acquired by Emcor and Tucker currently operates as a division of Higgins, itself a subsidiary of Emcor, it has alleged sufficient facts to show Higgins and Emcor as successors in interest to Tucker, including Tucker's liability. "[I]t is a fundamental principle of corporate law that [t]he parent corporation and its subsidiary are treated as separate and distinct legal persons even though the parent owns all the shares in the subsidiary and the two enterprises have identical directors and officers . . . Furthermore, the separate corporate entities or personalities of affiliated corporations will be recognized, absent illegitimate purposes . . ."[1] (Citations omitted; internal quotation marks omitted.) SFA Folio Collections, Inc. v. Bannon, 217 Conn. 220,222-223, 585 A.2d 666, cert. denied, 501 U.S. 1223, 111 S.Ct. 2839,115 L.Ed.2d 1008
(1991). "Ordinarily the corporate veil is pierced only under exceptional circumstances, for example, where the corporation is a mere shell, serving no legitimate purpose, and used primarily as an intermediary to perpetuate fraud or promote injustice." (Citation omitted.) Angelo Tomasso v. Armor Construction Paving, Inc.,187 Conn. 544, 557, 447 A.2d 406 (1982). The plaintiff has failed to allege any facts to support a successor liability claim based on the theory of piercing the corporate veil.
In addition, Emcor and Higgins argue that the parent-subsidiary allegations made upon information and belief, are insufficient to establish factual allegations. A motion to strike can be granted on the ground that an allegation based "upon information and belief" is conclusory. Carol v. Allstate Ins. Co., Superior Court, judicial district of Stamford, Docket No. 164867 (June 15, 1999, Karazin, J.).
 CONCLUSION
For all the reasons explained above, the plaintiff has failed to allege any facts that could support their breach of contract claim against Emcor or Higgins; the motion to strike the complaint against these two defendants is granted.
Martin, J.