PAMELA DIBARTOLOMEO ET AL. *v.* LINWOOD HILL ET AL.
(14413)

O'Connell, Schaller and Santaniello, Js.

Argued January 9—officially released May 14, 1996

*Laurence V. Parnoff*, for the appellant (plaintiff Jerry DiBartolomeo).

*Michael S. Taylor*, with whom, on the brief, was *John B. Farley*, for the appellees (defendants).

SANTANIELLO, J. In this automobile negligence action, the plaintiff Jerry DiBartolomeo[1] appeals from the judgment of the trial court on the issue of damages for his loss of consortium claim. On appeal, he claims that the trial court improperly (1) denied his motion to set aside the verdict and for a new trial or, in the alternative, for an additur, (2) refused to give a *Secondino*[2] charge as requested and (3) refused to admit into evidence the defendants' answer to the complaint on the issue of credibility.

In the trial court proceedings, the defendants, Linwood Hill and Hertz Corporation, conceded liability for the automobile accident and for the resulting injuries to Pamela DiBartolomeo, but did not concede that the accident was causally connected to any damages claimed by the plaintiff for loss of consortium. The trial was held before a jury on Pamela DiBartolomeo's

---

[1] Both Pamela DiBartolomeo and Jerry DiBartolomeo were plaintiffs in the trial court, but Jerry DiBartolomeo is the sole appellant here. We, therefore, refer to him as the plaintiff throughout this opinion.

[2] *Secondino* v. *New Haven Gas Co.*, 147 Conn. 672, 675, 165 A.2d 598 (1960).

negligence claim and on the plaintiff's loss of consortium claim.

The plaintiff presented testimony concerning the effects of Pamela DiBartolomeo's injuries on her home and family life, and on her relationship with the plaintiff. The defendants did not present any evidence to contradict that testimony. Although the jury awarded both economic and noneconomic damages to Pamela DiBartolomeo for her injuries and found in favor of the plaintiff on his loss of consortium claim, it awarded him zero damages for his loss of consortium. We affirm the judgment of the trial court.

I

The plaintiff first claims that the trial court improperly denied his motion to set aside the verdict and for a new trial, or, in the alternative, for an additur. We disagree.

"The trial court's refusal to set aside a verdict is entitled to great weight and every reasonable presumption should be given in favor of its correctness. . . . If, on the evidence, the jury could reasonably have decided as they did, [the reviewing court] will not find error in the trial court's acceptance of the verdict . . . ." (Citation omitted; internal quotation marks omitted.) *Malmberg* v. *Lopez*, 208 Conn. 675, 679, 546 A.2d 264 (1988).

The plaintiff argues that the jury should have awarded him damages for his loss of consortium because he put on evidence of his damages, and the defendants put on no contradictory evidence. The jury could properly reject any or all of the evidence presented by the plaintiff. "The jury is under no obligation to credit the evidence proffered by any witness, including experts . . . even if that evidence is uncontroverted." *Mather* v. *Griffin Hospital*, 207 Conn. 125, 145, 540 A.2d 666 (1988); *Barrila* v. *Blake*, 190 Conn. 631, 639, 461 A.2d 1375

(1983); *Szilagyi* v. *Szilagyi*, 3 Conn. App. 25, 27, 484 A.2d 469 (1984). The fact that the plaintiff's evidence was not contradicted, therefore, is not determinative of the correctness of the verdict or of the trial court's refusal to set it aside.

The plaintiff, relying on *Malmberg* v. *Lopez*, supra, 208 Conn. 679–80, also claims that it was improper for the trial court to accept the jury's verdict of zero damages on the loss of consortium claim. The plaintiff further argues that even an award of only nominal damages for his loss of consortium would be inadequate because his wife, whose injuries are the basis of his loss, was awarded "substantial" damages for those injuries. He, therefore, apparently argues that the jury was obligated to award substantial damages to the plaintiff as well.

"The amount of a damage award is a matter peculiarly within the province of the trier of fact, in this case, the jury." *Mather* v. *Griffin Hospital*, supra, 207 Conn. 138. "On appeal, the conclusion of the trial court from the vantage point of the trial bench cannot be disturbed unless there is a clear abuse of discretion. . . . An appellate court cannot retry the facts of a case or pass upon the credibility of the witnesses. . . . However, it is the court's duty to set aside the verdict when it finds that it does manifest injustice, and is . . . palpably against the evidence. . . . In determining whether a verdict does such injustice, the only practical test is whether the total damages awarded fall somewhere within the necessarily uncertain limits of fair and reasonable compensation in the particular case, or whether the verdict so shocks the sense of justice as to compel the conclusion that the jury were influenced by partiality, prejudice, mistake or corruption. . . . [I]f the amount awarded shocks the sense of justice as to what is reasonable, then the inferred conclusion is that the jury was misguided in reaching its decision." (Citations

omitted; internal quotation marks omitted.) *Malmberg* v. *Lopez*, supra, 208 Conn. 679–80.

"A plaintiff's verdict with a nominal damage award ordinarily suggests that the jury found that despite the defendant's liability, the plaintiff failed to prove damages. . . . The jury's intent in rendering a plaintiff's verdict with zero damages in a wrongful death action is far less clear." Id., 681–82. In *Malmberg*, our Supreme Court concluded that the verdict was ambiguous because the court was unable to determine whether the jury found no liability, or whether it found liability but no damages. Id. A new trial was, therefore, necessary. Id.

In the present case, the verdict is not ambiguous. Here, the defendants conceded liability for the accident and only the issue of damages was tried to the jury. The jury found that the plaintiff did not prove any damages on his loss of consortium claim. In a personal injury case, it may well be that few or no actual damages result from any loss of consortium. A jury in such a case may reasonably find that a defendant is liable for a plaintiff's loss of consortium, but that the plaintiff has failed to prove measurable damages. On a loss of consortium claim in a personal injury action, therefore, a plaintiff's verdict with a zero damages award is not necessarily inadequate or ambiguous. Such a verdict permits the trial court and the reviewing court to infer that the jury did exactly as it intended to do, namely, that it found that although a defendant was liable for any loss of consortium, the plaintiff failed to prove any actual damages. We conclude that that is what occurred in the present case.

Moreover, even were we to conclude that the jury should have awarded nominal damages rather than awarding zero damages in this case, we would not reverse. This court has held that "we will not ordinarily

reverse and grant a new trial for the mere failure to award nominal damages. . . . The difference between no damages and nominal damages does not shock the sense of justice and automatically mandate a new trial." (Citation omitted.) *Clay* v. *Teach*, 37 Conn. App. 556, 560, 656 A.2d 1065, cert. denied, 234 Conn. 902, 659 A.2d 1205 (1995). This is particularly the case here, where the plaintiff consented to a supplemental instruction to the jury to the effect that if the jury found that the plaintiff had not proven his loss of consortium damages, it should award him zero damages. Because the parties agreed to this instruction, it became the law of the case. *A-G Foods, Inc.* v. *Pepperidge Farm, Inc.*, 216 Conn. 200, 212, 579 A.2d 69 (1990).

We have reviewed the evidence of damages resulting from loss of consortium in the present case in the light most favorable to sustaining the verdict. See *Mather* v. *Griffin Hospital*, supra, 207 Conn. 138–39. Viewed in that light, with every reasonable presumption indulged in favor of the verdict's correctness; id., 139; we conclude that the evidence reasonably supports the jury's verdict. It was, therefore, not improper for the trial court to deny the plaintiff's motion to set aside the verdict and for a new trial, or for an additur.

## II

The plaintiff's second claim is that the court improperly failed to give a *Secondino* charge upon the plaintiff's request. The plaintiff claims that the only "hotly contested" issue was the issue of the severity of the collision. At trial, the plaintiff argued that only the testimony of the defendant Hill could contradict the plaintiff's claims regarding impact and that a *Secondino* charge should be given because Hill failed to testify. The court refused to give the charge.

We agree with the defendants that the plaintiff has abandoned this issue by his failure to supply an adequate record for review and to brief the issue adequately.

## III

Finally, in his brief, the plaintiff makes the bare assertion that he offered into evidence, apparently on the issue of credibility, the defendants' answer. If this assertion was intended to constitute a further claim on appeal, it is inadequately briefed, and we deem it abandoned. *Cummings* v. *Twin Tool Mfg. Co.*, 40 Conn. App. 36, 45, 668 A.2d 1346 (1996).

The judgment is affirmed.

In this opinion the other judges concurred.