## ARSEN LAZAROS ET AL. *v.* CITY OF WEST HAVEN ET AL.
### (AC 14376)

Heiman, Schaller and Spear, Js.

Argued January 22—officially released July 1, 1997

*Charles A. Sherwood*, for the appellants (plaintiffs).

*Joseph L. Rini* and *Bradford J. Rieger*, for the appellees (defendants).

*Opinion*

SCHALLER, J. The plaintiffs appeal from the judgment of the trial court rendered after a jury verdict in favor of the defendants. The plaintiffs claim that the trial court improperly (1) granted five of the defendants' motions to strike and (2) denied their motion to set aside the verdict and for a new trial. We affirm the judgment of the trial court.

The jury reasonably could have found the following facts. In 1966, the West Haven city council (city) approved a redevelopment plan previously adopted by the defendant West Haven redevelopment agency. The redevelopment plan called for the construction of high-rise apartment houses and office buildings.

In 1977, the plaintiffs purchased a parcel of land, parcel L, in the redevelopment area and opened a restaurant there. They claimed that they were motivated to buy the land and to open the restaurant, in part, by the defendant city's representation that the surrounding area would be redeveloped with apartments and high-rise condominiums. Shortly after the plaintiffs opened their restaurant, they were notified by the redevelopment agency that it desired to modify the original rede-

velopment plan to partial development. This modification called for twenty-five acres of land, which was previously designated for commercial development, to be acquired by the city and maintained as open space and park and recreation areas. Initially, the plaintiffs contested this modification claiming that it would have a detrimental effect on their restaurant, but agreed to the modification on the condition that they were to receive the option to buy and develop parcel M, the parcel adjacent to parcel L.

Subsequently, the plaintiffs submitted plans to the redevelopment agency that called for the construction of a condominium complex on parcel M. The redevelopment agency approved their plans and designated the plaintiffs as the developers of parcel M. When the plaintiffs' redevelopment plans were submitted to the city for final approval, however, the city refused to approve the plans. Eventually, the plaintiffs' restaurant failed and they commenced a suit against the city and the redevelopment agency claiming that they suffered damages due to the city's failure to approve their plan and due to the city's and the redevelopment agency's failure to implement the modified redevelopment plan.

The plaintiffs instituted their original complaint on December 2, 1988, and submitted a six count revised complaint dated November 22, 1993. The city and the redevelopment agency filed answers on December 17 and December 22, 1993, respectively. Prior to trial, the trial court and counsel for all parties agreed that the appropriate procedural vehicle to identify the critical issues in this case was a motion to strike directed to various allegations in the plaintiffs' amended complaint. Thereafter, the defendants filed five motions to strike seeking to test the legal sufficiency of the plaintiffs' causes of actions and claims for relief. After a hearing on the motions to strike, the trial court, *Hon. John C. Flanagan*, judge trial referee, granted five of the

defendants' motions to strike by memorandum of decision dated August 24, 1994. The case proceeded to trial on the sole remaining issue of whether there had been a financial detriment to the plaintiffs' parcel L as a result of the defendants' failure to implement the modified plan for redevelopment. The case was tried to a jury, and the jury rendered a verdict in favor of both defendants. The plaintiffs filed motions to set aside the verdict and for a new trial, which were denied by the trial court. This appeal followed.

I

We address first the plaintiffs' claim that the trial court improperly refused to set aside the jury verdict and to grant their motion for a new trial.[1] The crux of their claim is that the trial court directed the jury to render a defendant's verdict in favor of the city.[2] We disagree.

When the jury returned with its verdict, it indicated in response to the interrogatories that the city had breached the modified plan of redevelopment and that the breach was a legal cause of any loss that the plaintiffs may have sustained. The jury, however, used a plaintiff's verdict form, which stated: "The jury hereby finds the issues in favor of the plaintiffs against the City of West Haven and therefore finds for the plaintiffs to recover of the City of West Haven *zero damages*." (Emphasis added.) The trial court recognized the inherent ambiguity in the jury's verdict, that the intent of such a verdict is known only to the jurors and that such ambiguity, left unresolved, could result in the necessity

---

[1] We address this claim first given our decision to adopt the trial court's memorandum regarding the motions to strike.

[2] We note that it is undisputed that the jury was unanimous in its conclusion that there was no breach and no causation as to the redevelopment agency and that the jury properly executed a verdict in favor of the redevelopment agency. Therefore, our discussion will focus on the jury's verdict as it pertains to the city.

of a full trial on both liability and damages. *Malmberg* v. *Lopez*, 208 Conn. 675, 683, 546 A.2d 264 (1988); see also *Ginsberg* v. *Fusaro*, 225 Conn. 420, 426–27, 623 A.2d 1014 (1993); *Fox* v. *Colony T.V. & Appliance, Inc.*, 37 Conn. App. 453, 456, 656 A.2d 705 (trial court properly set aside verdict and granted new trial where plaintiff's verdict for zero damages); but cf. *DiBartolomeo* v. *Hill*, 41 Conn. App. 355, 359, 675 A.2d 1373 (1996) (on loss of consortium claim in personal injury action plaintiff's verdict with zero damages award not necessarily inadequate or ambiguous). The trial court, therefore, acted properly by directing the jury to retire and reconsider its verdict. See General Statutes § 52-223;[3] *Ginsberg* v. *Fusaro*, supra, 425 n.5; see also Practice Book § 311.[4]

After the jury returned with its amended verdict in favor of the city, the trial court was confronted with the dilemma that the verdict was not unanimous. Again, the trial court took the appropriate action. It instructed the jury that the verdict had to be unanimous and properly directed the jury to retire and reconsider its verdict. Contrary to the plaintiffs' assertions, the court did not limit the jury as to the verdict that it could render, but, instead, provided the jury with the interrogatories and verdict forms for both a plaintiff's verdict and a defendant's verdict and instructed that "whatever your decision is . . . it has to be unanimous." We conclude that,

[3] General Statutes § 52-223 provides: "Jury may be three times returned to consider verdict. The court may, if it judges the jury has mistaken the evidence in the action and has brought in a verdict contrary to the evidence, or has brought in a verdict contrary to the direction of the court in a matter of law, return them to a second consideration, and for the same reason may return them to a third consideration. The jury shall not be returned for further consideration after a third consideration."

[4] Practice Book § 311 provides: "Jury Returned for Reconsideration

"The court may, if it determines that the jury have mistaken the evidence in the cause and have brought in a verdict contrary to it, or have brought in a verdict contrary to the direction of the court in a matter of law, return them for a second consideration, and for the like reasons may return them to a third consideration, and no more."

under the circumstances of this case, the trial court properly had the jury retire and reconsider its verdict. Moreover, after our review of the record, we conclude that at no time did the trial court direct the jury to render a verdict in favor of the city.

"The trial court's refusal to set aside a verdict is entitled to great weight and every reasonable presumption should be given in favor of its correctness. . . . If, on the evidence, the jury could reasonably have decided as they did, [the reviewing court] will not find error in the trial court's acceptance of the verdict . . . ." (Citations omitted; internal quotation marks omitted.) *Malmberg* v. *Lopez*, supra, 208 Conn. 679. A motion for a new trial requires the trial court to exercise appropriate judicial discretion. On appeal, the appropriate standard of review is abuse of discretion. *State* v. *Hammond*, 221 Conn. 264, 269–70, 604 A.2d 793 (1992). We conclude that the trial court properly accepted the jury's final verdict and, thereafter, properly refused to set aside the verdict or to grant a new trial.

II

The plaintiffs' second claim is that the trial court improperly granted five of the defendants' motions to strike. We disagree.

We are persuaded by our examination of the record, briefs and arguments of the parties that the judgment of the trial court granting the motions to strike in favor of the defendants should be affirmed. In a thoughtful and comprehensive memorandum of decision, dated August 24, 1994, the trial court analyzed the facts and law in a manner consistent with our statutes and case precedents. Nothing would be accomplished by our recitation of what the trial court has already so ably stated. Accordingly, we adopt the trial court's well reasoned decision; *Lazaros* v. *West Haven*, 45 Conn. Sup. 11, 697 A.2d 724 (1994); as a statement of the applicable law on

these issues. See *Southeastern Connecticut Regional Resources Recovery Authority* v. *American Ref-Fuel Co.*, 44 Conn. App. 728, 730, 692 A.2d 832 (1997).

The judgment is affirmed.

In this opinion the other judges concurred.