[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION TO STRIKE # 130
The plaintiff has filed this two count complaint alleging unjust enrichment and a violation of the Connecticut Unfair Trade Practices Act ("CUTPA"), General Statutes §§ 45-110a, et seq. It alleges that it is a retail business engaged in the sale of beauty and hair care products and that it employed the defendant as a bookkeeper for over twenty-five years until she left the plaintiff's employ in March of 1995 to open her own retail store selling hair care and beauty products. CT Page 192
The plaintiff alleges that while still employed by the plaintiff, the defendant and the plaintiff had engaged in negotiations concerning the sale of certain business assets of the plaintiff to the defendant. The plaintiff further claims that, subsequent to opening her own business, the defendant used a list of suppliers and distributors which the plaintiff had developed over twenty years of networking and researching. It alleges that the information was confidential and proprietary and that the defendant had ready access to it during the time the plaintiff employed her. It claims that the defendant utilized the supplier and distributor information to compete directly with the defendant's exclusive sale of this merchandise. The plaintiff made a demand for payment on the defendant, which demand the defendant refused.
The defendant has moved to strike both counts of the complaint, contending that they fail to state claims upon which relief may be granted as a matter of law. "The purpose of a motion to strike is to contest the legal sufficiency of the allegations of any complaint to state a claim upon which relief can be granted." (Internal quotation marks omitted.) Faulkner v.United Technologies Corp. , 240 Conn. 576, 577, 639 A.2d 293
(1997). "The motion to strike . . . challenges the legal sufficiency of the pleading by testing whether the complaint states a cause of action on which relief can be granted." P LProperties, Inc. v. Schnip Development Corp. , 35 Conn. App. 46,50, 643 A.2d 1302, cert. denied, 231 Conn. 931, 648 A.2d 155
(1994). "The motion to strike . . . admits all facts well pleaded." Napoleatano v. Cigna Healthcare of Connecticut, Inc.,238 Conn. 216, 232, 680 A.2d 127 (1996). "What is necessarily implied need not be expressly alleged." Clohessy v. Bachelor,237 Conn. 31, 33 n. 4, 675 A.2d 852 (1996). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix MedicalSystems, Inc. v. BOC Group, Inc., 224 Conn. 210, 215, 618 A.2d 25
(1992).
"If facts provable in the complaint would support a cause of action, the motion to strike must be denied." Waters v. Autuori,236 Conn. 820, 826, 676 A.2d 839 (1996). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. . . . The court must construe the facts in the complaint most favorably to the plaintiff." (Citations omitted; internal quotation marks omitted.) Faulkner v. UnitedCT Page 193Technologies Corp. , supra, 240 Conn. 580.
A. Count One: Unjust Enrichment
The defendant has moved to strike the unjust enrichment count on the ground that the plaintiff's use of the term "proprietary" in its complaint to describe the information used by the defendant to contact suppliers and distributors is a conclusion of law which, when unsupported by facts, cannot withstand a motion to strike. The defendant also contends that nowhere in the complaint does the plaintiff allege facts relating to a claim of a protected interest in the information.
The plaintiff argues in opposition that Practice Book § 108[1] requires only a concise and plain statement of the facts underlying its claim and that the allegations in its complaint, specifically paragraph 7, provide a factual basis for its use of the term "proprietary". As a general matter, the plaintiff argues the allegations in its complaint put the court and the defendant on notice of the nature of the claim brought against the defendant.
"A right of recovery under the doctrine of unjust enrichment is essentially equitable, its basis being that in a given situation it is contrary to equity and good conscience for one to retain a benefit which has come to him at the expense of another. . . ." Wiesman V. Kaspar, 233 Conn. 531, 550,661 A.2d 530 (1995). Courts treat unjust enrichment as "a broad and flexible remedy"; Polverari v. Peatt, 29 Conn. App. 191, 200,614 A.2d 484, cert. denied, 224 Conn. 913, 617 A.2d 166 (1992); "to be applied when no remedy is available pursuant to contract."Ayotte Bros. Construction Co. v. Finney, 42 Conn. App. 578, 581,680 A.2d 330 (1996). See also McNeil v. Riccio,45 Conn. App. 466, 475, 696 A.2d 1050 (1997); EasternMetal Products, Inc. v. Deperry, 44 Conn. App. 60, 61-62,686 A.2d 1003 (1997).
To state a claim of unjust enrichment, the plaintiff must plead: "(1) that the [defendant was] benefitted [benefited]. (2) that the [defendant] unjustly did not pay the [plaintiff] for the benefits, and (3) that the failure of payment was to the [plaintiff's] detriment. . . ." (Internal quotation marks omitted.) Wiesman v. Kaspar, supra, 233 Conn. 550; Polverari v.Peatt, supra, 29 Conn. App. 200-01. "With no other test than what, under the circumstances, is just or unjust, equitable or CT Page 194 inequitable, conscionable or unconscionable, it becomes necessary in any case where the benefit of the doctrine is claimed, to examine the circumstances and the conduct of the parties and apply this standard." Weisman, supra, 550.
Here, the plaintiff alleges that the benefit conferred to the defendant through her use of the supplier and distributor information was "for the purpose of purchasing the very same merchandise and products that were exclusively sold by [the plaintiff] . . . all to the unfair commercial and/or monetary benefit [of the defendant]." (¶ 7) The plaintiff also contends the defendant failed to pay the plaintiff even after the defendant made such demand (¶ 9), that the "products that were exclusively sold" by the plaintiff are now sold by the defendant, and that the "confidential information [was] improperly utilized by the defendant to the detriment of the plaintiff." (¶ 8)
Even construing these allegations in the light most favorable to the plaintiff, however, the plaintiff has not pleaded more than a "naked allegation . . . [that the defendant has] been unjustly enriched at the expense of the [plaintiff]." Lazaros v.City of West Haven, 45 Conn. Sup. 11, 23, 697 A.2d 724 (1994) (Flanagan, J.T.R.), aff'd, 45 Conn. App. 571, 576, 696 A.2d 1304, cert. denied, 243 Conn. 901, ___ A.2d ___ (1997). The plaintiff has failed to allege any facts from which it could be inferred that the information used by the defendant is confidential or proprietary. Without such allegations, the plaintiff cannot show how the defendant's actions were under "the given set of circumstances . . . just or unjust, equitable or inequitable, conscionable or unconscionable. . . ." (Internal quotation marks omitted.) Wiesman v. Kaspar, supra, 233 Conn. 550.
Whether information is confidential or proprietary turns on the factors such as the following: (1) the implementation of reasonable precautions to protect the information; (2) the limitation of access to the information; (3) the maintenance of confidential computer access codes; and (4) any discussions with employees regarding the importance of maintaining the information's confidentiality. Blue Cross Blue Shield ofConnecticut v. DiMartino, Superior Court, judicial district of New Haven, Docket No. 300642 (July 2, 1991, Schaller, J.);Beekley Co. v. Doyle, Superior Court, judicial district of Hartford at New Britain, Docket No. 466681 (January 17, 1996,Handy, J.) (trade secrets do not include information readily CT Page 195 available through ordinary business channels). The plaintiff here failed to allege what steps, if any, it took to safeguard and protect its information. Instead, the plaintiff alleges only that the defendant had "ready access" to the information. Although the plaintiff alleges that it spent "over two decades" compiling the supplier and distributor information, it does not allege that the information used by the defendant "[was] not obtainable through ordinary business channels." Beekley, supra. The plaintiff has thus failed to allege sufficient facts to give rise to an inference of unfairness, and its unjust enrichment count must be stricken.
B. Count Two: CUTPA
"[I]n order to prevail in a CUTPA action, a plaintiff must establish both that the defendant has engaged in a prohibited act and that, as a result of this act, the plaintiff suffered an injury." (Emphasis in original; internal quotation marks omitted.) Abrahams v. Young Rubicam, Inc., 240 Conn. 300, 306,692 A.2d 709 (1997); Service Road Corp. v. Quinn, 241 Conn. 630,639, ___ A.2d ___ (1997). General Statutes, § 42-110b (a) "prohibits persons from engaging in `unfair methods of competition and unfair or deceptive acts or practice in the conduct of any trade or commerce' Section 42-110g (a) affords a cause of action to `[a]ny person who suffers any ascertainable loss of money or property . . . as a result of the use or employment of a method, act, or practice prohibited by section42-110b. . . ." Service Road Co. v. Quinn, supra, 241 Conn. 638. A cause of action under CUTPA "must be pleaded with particularity to allow evaluation of the legal theory upon which the claim is based." S.M.S. Textile Mills, Inc. v. Brown, Jacobson,Tillinghast, Lahan King, P.C., 32 Conn. App. 786, 797,631 A.2d 340, cert. denied, 228 Conn. 903, 634 A.2d 296 (1993).
The defendant argues that the plaintiff has failed to set forth a sufficient factual basis to support a cause of action under CUTPA because it has not alleged that the facts complained of occurred in the course of trade or commerce. "In order to allege a CUTPA violation properly, the plaintiff must allege, inter alia, that the acts complained of were performed in a trade or business." (Internal quotation marks omitted.) Pergament v.Green, 32 Conn. App. 644, 655, 630 A.2d 615, cert. denied,228 Conn. 903, 634 A.2d 296 (1993). "Trade or commerce . . . is broadly defined as the advertising, the sale or rent or lease, the offering for sale or rent or lease, or the distribution of CT Page 196 any services and any property, tangible or intangible, real, personal or mixed, and any other article, commodity, or thing of value in this state. . . . The entire act is remedial in character . . . and must be liberally construed." (Citations omitted; internal quotation marks omitted.) Larsen Chelsey RealtyCo. v. Larsen, 232 Conn. 480, 500-01 656 A.2d 1009 (1995). Here, the plaintiff's complaint alleged that both parties were, and continue to be, in the business of beauty supply retailing. Construing the complaint in the light most favorable to the plaintiff; Faulkner v. United Technologies Corp. , supra,240 Conn. 580; and treating trade or commerce as "broadly defined";Larsen Chelsey Realty Co., supra, 232 Conn. 500; the plaintiff has pleaded sufficient facts from which it could be found that the alleged acts of the defendant were performed in a trade or business.
The defendant next contends that the plaintiff failed to plead the requirements to set forth a violation of CUTPA. Specifically, the defendant asserts that CUTPA requires some violation of public policy in order for a plaintiff to proceed. Without such an allegation, the defendant claims the plaintiff cannot meet the requirements under CUTPA. The plaintiff argues that CUTPA provides a broad remedy to many classes of parties, including those in the plaintiff's situation. Also, the plaintiff urges that whether or not it has a claim under CUTPA should be left to the trier of fact.
When analyzing which acts violate CUTPA, courts invoke the cigarette rule set forth by the federal trade commission. Haynesv. Yale-New Haven Hospital, 243 Conn. 17, 33 n. 18, ___ A.2d ___ (1997). The court examines: "(1) whether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, common law, or otherwise — whether, in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers, competitors or other businessmen." (Emphasis deleted; internal alterations omitted.)Haynes v. Yale-New Haven Hospital, supra, 243 Conn. 33 n. 18, citing Williams Ford, Inc. v. Hartford Courant Co.,232 Conn. 559, 591, 657 A.2d 212 (1995). Here, the defendant argues the plaintiff insufficiently pled the first prong of the cigarette rule and, therefore, the second count should be stricken. Courts, however, consistently hold that the cigarette rule does not CT Page 197 require a plaintiff to allege "all three criteria . . . to support a finding of unfairness. A practice may be unfair because of the degree to which it meets one of the criteria or because to a lesser extent it meets all three." Haynes, supra, 243 Conn. 33
n. 18. "A violation of CUTPA may be established by showing either
an actual deceptive practice or a practice amounting to a violation of public policy." (Emphasis added; internal, alterations omitted.) Id.; Abrahams v. Young Rubicam, Inc., supra, 240 Conn. 306; Larsen Chelsey Realty Co. v. Larsen, supra,232 Conn. 506; S.M.S. Textile Mills, Inc. v. Brown, Jacobson,Tillinghast, Lahan King, P.C., supra, 32 Conn. App. 796-97. The defendant's argument that a violation of public policy must be
pleaded is incorrect. Rather, the necessity of pleading such a violation depends on whether the plaintiff has sufficiently pleaded the other prongs of the test.
The plaintiff contends the factual allegations contained in the complaint satisfy the latter two prongs of the cigarette rule. Courts have found CUTPA violations in the following situations: where one business trained its surveillance cameras on a competitor's business thereby intimidating the competitor's customers from entering; Service Road Corp. v. Quinn, supra,241 Conn. 641; where the defendant used threats and other tactics "designed to co-opt all of the corporations operations"; Fink v.Golenbock, 238 Conn. 183, 214, 680 A.2d 1243 (1996); where an employee preparing to work for a competitor sent fraudulent letters to the employer's customers that the employer's company was merging with the competitor; Larsen Chelsey Realty v. Larsen, supra, 232 Conn. 494; and where an employee accessed confidential computer files to obtain customer lists to give to competing insurance agents; Blue Cross Blue Shield of Connecticut v.DiMartino, supra. Courts, however, have found no CUTPA violation where an individual brings customer information from a former employer to a subsequent employer where there were no protective measures taken by either employer to prevent accessing the information and where the same information could be "readily ascertained through ordinary business channels or reference sources." McNally v. Spectron Energy, Inc., Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 146451 (November 29, 1995, Karazin, J.) (finding no CUTPA violation where information not protected). See also Beekley Co.v. Doyle, supra.
The facts pleaded by the plaintiff fail to set forth a CUTPA violation. The plaintiff alleges that through the defendant's CT Page 198 employment, she had ready access to the supplier/distributor list. The plaintiff has failed to allege, however, that it took any steps to establish and maintain the confidentiality and security of the list. Also, the plaintiff has failed to allege the information was not "readily accessible through ordinary business channels or reference sources." McNally v. SpectronEnergy, Inc., supra. The plaintiff has thus failed to plead sufficient facts from which it could be found that the defendant's actions were immoral, unethical, oppressive, or unscrupulous . . . [or] whether it [caused] substantial injury to consumers, competitors or other businessmen." Haynes v. Yale-NewHaven Hospital, supra, 243 Conn. 33 n. 18.
The motion to strike is therefore granted in its entirety.
Jonathan E. Silbert, Judge