[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The plaintiffs, Perry and Lauren Faragasso, ("plaintiffs") brought this action by complaint containing eight counts against the defendants, DeGeorge Home Alliance, Inc. f/k/a Miles Homes, Inc. f/k/a Miles Homes Services, Inc. ("DeGeorge" or "Miles"), Brian Caton ("Caton") and Plymouth Capital Company, Inc. ("Plymouth") (collectively "defendants").
In the first count, the plaintiffs allege that the defendants breached their purchase agreement for a prefabricated home. The plaintiffs, in the second and third counts, respectively, allege that the purchase agreement violated the Home Solicitation Sales Act and the Home Improvement Contractors Act. In the fourth count, they allege that the representations of the defendants were "false, misleading and recklessly made," and that such representations induced the plaintiffs to enter into the purchase agreement. The fifth count alleges a violation of CUTPA because of the alleged fraud and misrepresentations. In the sixth count, the plaintiffs allege a breach of the services agreement entered into with the defendant, Caton. The seventh count alleges a violation of CUTPA against the defendants, Miles and Caton. The eighth count alleges a CUTPA violation against the defendant Plymouth. The defendants move to strike counts two through eight of the plaintiffs' revised complaint on the grounds that those counts "fail to properly plead viable causes of action."
The motion to strike is used to test the legal sufficiency of any pleading. Mingachos v. CBS, Inc., 196 Conn. 91, 108,491 A.2d 368 (1985); Practice Book § 152, now Practice Book (1998 CT Page 14206 Rev.) § 10-39. The purpose of a motion to strike is to contest the legal sufficiency of the allegations of any complaint, or count thereof, to state a claim upon which relief may be granted. See Peter-Michael, Inc. v. Sea Shell Associates,244 Conn. 269, 270, 709 A.2d 558 (1998); Practice Book § 152(1), now Practice Book (1998 Rev.) § 10-39(a)(1).
"[F]or the purposes of a motion to strike, the moving party admits all facts well pleaded." RK Constructors, Inc. v. FuscoCorp. , 231 Conn. 381, 383 n. 2, 650 A.2d 153 (1994); see alsoFerryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432 (1989). "Although the motion to strike admits all facts well pleaded, it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." Quimby v. Kimberly ClarkCorp. , 28 Conn. App. 660, 664, 613 A.2d 838 (1992). "The allegations of the pleading involved are entitled to the same favorable construction a trier would be required to give in admitting evidence under them and if the facts provable under its allegations would support a defense or a cause of action, the motion to strike must fail." Mingachos v. CBS, Inc., supra,196 Conn. 108-09.
"In deciding upon a motion to strike . . . a trial court must take the facts to be those alleged in the complaint . . . and cannot be aided by the assumption of any facts not therein alleged." (Citations omitted; internal quotation marks omitted.)Liljedahl Brothers, Inc. v. Grigsby, 215 Conn. 345, 348,576 A.2d 149 (1990). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems, Inc. v. BOCGroup, Inc., 224 Conn, 210, 215, 618 A.2d 25 (1992).
Here, the defendants move to strike counts two through eight of the plaintiffs' revised complaint arguing that each of those counts fail to properly plead a viable cause of action.
A. Count Two
In the second count of the revised complaint, the plaintiffs allege that the actions of the defendants "were unfair and deceptive acts or practices in the conduct of trade or commerce in violation of [CUTPA]." The defendants state that the second count fails to state a claim for a CUTPA violation because "(1) the count is based on a simple breach of contract claim; (2) it fails to properly plead a violation of the Home Solicitation CT Page 14207 Sales Act ("HSSA"); (3) the count fails to allege conduct constituting unfair or deceptive trade practices; and (4) it fails to allege either ascertainable losses or actual damages."
"CUTPA is remedial in character . . . and must be liberally construed in favor of those whom the legislature intended to benefit." (Alterations in original; internal quotation marks omitted.) Service Road Corp. v. Quinn, 241 Conn. 630, 637,698 A.2d 258 (1997); see also General Statutes § 42-110b(d). General Statutes § 42-110b(a) provides that "[n]o person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce."
The Supreme Court has adopted the criteria set out by the federal trade commission in the "cigarette rule" to determine whether there is a violation of the act. Williams Ford, Inc. v.Hartford Courant Co., 232 Conn. 559, 591, 657 A.2d 212 (1995). The criteria for a CUTPA violation are: "(1) [W]hether the practices, without necessarily having been previously considered unlawful. offends public policy as it has been established by statutes, the common law, or otherwise — whether, in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers [(competitors or other businessmen)]." (Alterations in original; citations omitted; internal quotation marks omitted.) Id.
The Supreme Court has held that "[a]ll three criteria do not need to be satisfied to support a finding of unfairness. A practice may be unfair because of the degree to which it meets one of the criteria or because to a lesser extent it meets all three . . . Thus a violation of CUTPA may be established by showing either an actual deceptive practice . . . or a practice amounting to a violation of public policy . . . Furthermore, a party need not prove an intent to deceive to prevail under CUTPA." (Alterations in original; internal quotation marks omitted.) Associated Investment Co. Ltd. Partnership v. WilliamsAssociates IV, 230 Conn. 148, 156, 645 A.2d 505 (1994).
A "simple breach of contract does not offend traditional notions of fairness, and . . . standing alone does not offend public policy to invoke CUTPA." Boulevard Associates v. SovereignHotels, Inc., 72 F.3d 1029, 1038-39 (2d Cir. 1995). The Supreme CT Page 14208 Court noted, however. that "there is no . . . unfair method of competition, or unfair [or] deceptive act or practice that cannot be reached [under CUTPA]." (Alterations in original; internal quotation marks omitted.) Associated Investment Co. Ltd.Partnership v. Williams Associates IV, supra, 230 Conn. 158. "[T]o recover under CUTPA for a simple breach of contract, the plaintiff must show substantial aggravating circumstances intending to breach. Under [CUTPA] intent to deceive is not relevant. The fact that a deception occurred and injured others in a business is all that is required." (Alterations in original; internal quotation marks omitted.) Thames River Recycling, Inc.v. Gallo, 50 Conn. App. 767, ___ A.2d ___ (1998).
The plaintiffs, in the second count of their revised complaint, allege more than a simple breach of contract. They allege that the defendant, Miles, violated the Home Solicitation Sales Act ("HSSA") and the defendants engaged in "unfair and deceptive acts or practices in the conduct of trade of commerce." The defendants argue, however, that the second count should be stricken because it does not allege "the elements nor the facts of a HSSA violation."
The Home Solicitation Sales Act is codified at General Statutes § 42-134a. It provides, in pertinent part, that "`[h]ome solicitation sale' means a sale, lease, or rental of consumer goods or services,[1] whether under single or multiple contracts, in which the seller or his representative personally solicits the sale, including those in response to or following an invitation by the buyer, and the buyer's agreement or offer to purchase is made at a place other than the place of business of the seller. The term `home solicitation sale' does not include a transaction: (1) Made pursuant to prior negotiations in the course of a visit by the buyer to a retail business establishment . . . (2) in which the buyer has initiated the contact . . . (3) conducted and consummated entirely by mail or telephone and without any other contact between the buyer and the seller . . .(4) in which the buyer has initiated the contact and specifically requested the seller to visit his home for the purpose of repairing or performing maintenance upon the buyer's personal property. If in the course of such a visit, the seller sells the buyer the right to receive additional services or goods . . . the sale of those additional goods or services shall not come within this exclusion . . . (5) pertaining to the sale or rental of real property . . ." General Statutes § 42-134a. CT Page 14209
Violation of the HSSA is a per se violation of CUTPA. "A number of statutes specifically provide that their violation constitutes an unfair trade practice. They include The Home Solicitation Sales Act . . . [and the] Home Improvement Act."Hartford Electric Supply v. Allen-Bradley Co., Superior Court, judicial district of Hartford, Docket No. 562061 (May 28, 1997,Satter, S.T.R.). Both parties, in their purchase agreement, stipulated and agreed that the purchase agreement is "subject to the Door to Door Sales Law or Home Solicitation Sales Law." Therefore, since the HSSA is applicable, violation of it is a per se violation of CUTPA. As such, the plaintiffs have sufficiently plead allegations of an HSSA violation and a CUTPA violation, and the defendants motion to strike the second count is denied.
B. Count Three
The third count alleges a violation of the Home Improvement Act ("HIA"), General Statutes §§ 20-418 et. seq. The defendants move to strike the third count on the grounds that it fails to state a violation of the Home improvement Act ("HIA") because "the HIA does not create an independent cause of action, and . . . this case falls within an express exception under the HIA." The HIA provides, in pertinent part, that "`home improvement' includes but is not limited to, the repair, replacement, remodeling, alteration, conversion, modernization, improvement, rehabilitation or sandblasting of, or addition to any land or building or that portion thereof which is used or designed to be used as a private residence or dwelling place, or the construction, replacement, installation or improvement of driveways, swimming pools, porches, garages, roofs . . . in connection with such land or building or that portion thereof which is used or designed to be used as a private residence or dwelling place, in which the total cash price for all work agreed upon between the contractor and owner exceeds two hundred dollars. `Home improvement' does not include: (A) The construction of a new home; (B) the sale of goods by a seller who neither arranges to perform nor performs, directly or indirectly, any work or labor in connection with the installation or application of the goods or materials . . ." General Statutes § 20-419(4).
"A motion to strike may properly raise noncompliance with the Home Improvement Act where the allegations of the complaint show dispositively that a case is governed by the act and that the act's provisions have not been met." Qualx, Inc. v. Bryan, CT Page 14210 Superior Court, judicial district of Litchfield, Docket No. 067264 (June 9, 1995, Pickett, J.) citing Liljedahl Bros., Inc.v. Grigsby, 215 Conn. 345, 346, 575 A.2d 228 (1990).
"[T]he weight of the case law in this type of suit by a homeowner suggests that [General Statutes] § 20-429 is a defense and does not provide an independent cause of action for a homeowner against a contractor . . . The Home Improvement Act provides a homeowner with a defense. It cannot be used as an offensive weapon. It merely invalidates a contract from being enforced." (Citations omitted; internal quotation marks omitted.)McClain v. Byers, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 301761 (April 19, 1995, Hauser, J.) (granting the motion for summary judgment on the first two counts, holding that the "plaintiff homeowner has other remedies, including but not limited to, CUTPA and breach of contract.")
In this case, the plaintiff does assert other remedies such as breach of contract and CUTPA. The Home Improvement Act, however, does not create an independent cause of action. Therefore, the defendants' motion to strike the third count of the plaintiffs' revised complaint is granted.[2]
C. Count Four
In the fourth count, the plaintiffs allege a fraud claim against the defendants. The defendants state that the fourth count should be stricken since it fails to allege a fraud claim because "there is no allegation of damages." "It is . . . settled law that [t]he essential elements of an action in fraud . . . are: (1) that a false representation was made as a statement of fact; (2) that it was untrue and know to be untrue by the party making it; (3) that it was made to induce the other party to act on it; and (4) that the latter did so act on it to his injury." (Internal quotation marks omitted.) Kilduff v. Adams, Inc.,219 Conn. 314, 329, 593 A.2d 578 (1998); see also WellingtonSystems, Inc. v. Redding Group, Inc., 49 Conn. App. 152, 164,714 A.2d 21 (1998). "The plaintiff in an action at law for fraud must prove that he has been injured in order to recover . . . A plaintiff who has not suffered damage or injury cannot pursue an action . . . [for fraud] . . . It is clear that proof of damages is an essential element of a fraud action." (Citation omitted.)Kilduff v. Adams, Inc., supra, 219 Conn. 329-30.
The defendants move to strike the fourth count of the CT Page 14211 plaintiffs revised complaint on the grounds that the plaintiffs fail to allege a claim of fraud because there is no allegation of damages. However, on a motion to strike, "[t]he role of the trial court [is] to examine the [complaint], construed in favor of the plaintiffs, to determine whether the [pleading party has] stated a legally sufficient cause of action." (Internal quotation marks omitted.) Dodd v. Middlesex Mutual Assurance Co., 242 Conn. 375,378, 698 A.2d 859 (1997).
In count four, the plaintiffs allege, by incorporation of the first count, that they "incurred additional expenses" because of the defendants' actions. Therefore, viewing the revised complaint in the light most favorable to the plaintiffs, the court finds that they have sufficiently alleged damages and injury. As such, the plaintiffs have alleged enough facts to properly state a cause of action for fraud, and the defendants' motion to strike the fourth count is denied.
D. Count Five
The fifth count alleges a violation of CUTPA because of the alleged fraud and misrepresentations. The defendants argue that the fifth count is merely duplicative of the second count and does not state a cause of action under CUTPA.
A motion to strike is not the proper vehicle to rid a complaint of duplicative counts. See Downing v. Yale UniversityHealth Services, Superior Court, judicial district New Haven, Docket No. 364862 (Dec. 26, 1995, Zoarski, J.). "A request to revise may be filed in order to obtain . . . the deletion of any unnecessary [or] repetitious . . . allegations in an adverse party's pleading . . . Accordingly, a request to revise, and not a motion to strike, is the proper vehicle for the deletion of repetitious pleadings." (Citations omitted; internal quotation marks omitted.) Gamelstaden PLC v. Backstrom, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 130060 (May 17, 1995, Karazin, J.). Therefore, the defendants' motion to strike the fifth count on the grounds that it is duplicative of the second count is denied.
However, the defendants move to strike the fifth count on the additional grounds that it "fails to allege a CUTPA violation because there is no allegation of ascertainable losses or actual damages." "[T]he ascertainable loss requirement is a threshold barrier which limits the class of persons who may bring a CUTPA CT Page 14212 action . . . An ascertainable loss is a deprivation, detriment [or] injury that is capable of being discovered, observed or established." (Citations omitted; internal quotation marks omitted.) Yeong Gil Kim v. Magnotta, 49 Conn. App. 203, 212,714 A.2d 38 (1998).
"To meet [the ascertainable loss] requirement, plaintiffs do not need to allege a specific amount of ascertainable loss but rather need only allege that they purchased an item partially as a result of an unfair practice or act and that the item is different from that for which they bargained." Lovick v. Nigro, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 542473 (Feb. 24, 1997, Lager, J). Viewing the complaint in the light most favorable of sustaining the legal sufficiency of the complaint, this court determines that plaintiffs have alleged facts which amount to an ascertainable loss. Here, plaintiffs allege that they "incurred additional expenses" as a result of the defendants actions. Therefore, the defendants' motion to strike the fifth count of the plaintiffs' revised complaint is denied.
E. Count Six
In the sixth count, the plaintiffs allege a breach of the services contract entered into with the contractor, Caton. The defendants move to strike the sixth count of the revised complaint on the grounds that it "fails to state a breach of contract claim against DeGeorge because there is no allegation that DeGeorge was a party to the contract at issue in that count."
"[O]ne who was neither a party to a contract nor a contemplated beneficiary thereof cannot sue to enforce the promises of the contract." (Internal quotation marks omitted.)Lazaros v. City of West Haven, 45 Conn. Sup. 11, 21, 697 A.2d 724
(1994), aff'd, 45 Conn. App. 571. 696 A.2d 1304. cert. denied,243 Conn. 901, 701 A.2d 331 (1997). "[E]nforcement of a contractual obligation depends on privity of contract." Reynoldsv. Owen, 34 Conn. Sup. 107, 111, 380 A.2d 543 (1977) ("the terms of such a contract could not be enforced against the defendant since no allegation has been made that the defendant was party thereto.")
In the present case, the plaintiffs fail to allege that the defendants were a party to, or a beneficiary of, the contract at CT Page 14213 issue in the sixth count. The plaintiffs allege a breach of the services contract entered into "with the Defendant Caton . . ." Nowhere in the sixth count does it allege that the defendants, DeGeorge/Miles and/or Plymouth, are in privity of that contract. Therefore, the defendants' motion to strike the sixth count is granted.[3]
F. Count Seven
The seventh count reincorporates the allegations in the sixth count and further alleges that the actions of the defendants, Miles and Caton, "were unfair and deceptive acts or practices in the conduct of trade or commerce in violation of [CUTPA]." Since the services contract did not pertain to the moving defendants. Miles or Plymouth, the fact that the alleged breach of contract is "unfair and deceptive" is irrelevant. There are no facts in the seventh count which support the allegation that the defendants, Miles and Canton, violated CUTPA. The motion to strike "does not admit legal conclusions . . . unsupported by facts." Quimby v. Kimberly Clark Corp. , 28 Conn. 660, 664,613 A.2d 838 (1992); see also Novametrix Medical Systems, Inc. v. BOCGroup, Inc., 224 Conn. 210, 215, 618 A.2d 25 (1992). Therefore, the defendants' motion to strike the seventh count is granted.
F. Count Eight
The eighth count of the revised complaint alleges that the defendant, Plymouth, "engaged in unfair and deceptive practices in the conduct of trade or commerce in violation of [CUTPA]." The defendants move to strike the eighth count on the grounds that it fails to state a violation of CUTPA because "the alleged practices do not constitute unfair or deceptive practices under CUTPA; . . . the count does not state a HSSA violation and . . . there is no allegation that the plaintiffs suffered any ascertainable losses or actual damages proximately caused by Plymouth's alleged conduct."
As discussed above (Part A — Count Two), a violation of the Home Solicitation Sales Act, General Statutes § 42-134a, is a per se violation of CUTPA. See Hartford Electric Supply v.Allen-Bradley Co., supra, Superior Court, Docket No. 562061. The defendants argue that the plaintiffs have not sufficiently pled a violation of the HSSA in the eighth count. Viewing the revised complaint in the light most favorable to the plaintiffs, however, CT Page 14214 this court finds that enough facts have been plead to state a cause of action for a violation of the HSSA. The plaintiffs allege that "[the defendant, Plymouth] required the Plaintiffs to sign a note which was in violation of the [HSSA] . . . in that it lacked the notice required under 42-136(b) . . ."
The defendants argue further, however, that the HSSA is not applicable since a new home is not subject to it. The construction of a residence is not the purchase of goods or services. See Jackson v. Fortunato, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 096695 (July 31, 1996, Ryan, J.) (granting the motion to strike because the party failed to state an HSSA claim since the construction of a new home was involved); Habetz v. Condon, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 033236 (Sept. 27, 1991), aff'd, 224 Conn. 231, 618 A.2d 501
(1992) (finding that the HSSA does not apply to construction of a new home or a major addition to an existing home).
"Construction of a residence or a major addition to it is not the purchase of goods or services. The work performed becomes part of the real estate . . . The constructions from the definition of home solicitation sale confirm that a major addition to a residence is not covered by the HSSA . . . Legislative intent not to include house construction under the HSSA is shown by the existence of a separate set of statutes for that purpose, the HIA." Habetz v. Condon, supra, Superior Court, Docket No. 033236. Since the HSSA does not apply to the construction of a new home, the defendant Plymouth does not state a viable cause of action under the HSSA,[4] and there is no per se violation of CUTPA.
Since there is no per se violation of CUTPA, to determine if a CUTPA violation is sufficiently plead, this court applies the "cigarette rule." (See Part A — Count Two) In count eight, the plaintiffs fail to allege facts sufficient to state a cause of action under CUTPA. The plaintiffs fail to even allege, in count eight, that they had any business or consumer relationship with the defendant Plymouth, which would place any obligation upon the defendant Plymouth not to violate CUTPA. Absent such allegations, plaintiffs CUTPA claim in count eight should be stricken. Therefore, the defendants' motion to strike the eighth count of the plaintiffs' revised complaint is granted.
In summary, the defendants' motion to strike counts two, four CT Page 14215 and five are denied.
The defendants' motion to strike counts three, six, seven and eight are granted.
D'ANDREA, J.